## SARAH SCHNEIDER v. SIDNEY RABB, BY NEXT FRIEND.

### No. 1576. Decided November 21, 1906.

**Venue—Divorce—Action to Annul.**

A suit to have declared null the marriage of plaintiff to defendant (as on the ground that plaintiff was a lunatic), though frequently classed with divorce proceedings, is not governed as to venue by article 1194, subdivision 16, Revised Statutes, requiring suits for divorce to be brought in the county of the plaintiff's residence. (Pp. 212, 213.)

Question certified from the Court of Civil Appeals for the First District, in an appeal from Fayette County.

*J. D. Crenshaw* and *Proctor & Watson,* for appellant.—Citizens of this State can not be sued except in the county of their residence save in those cases specified in the statute. (Rev. Stat., art. 1194.)

*Gaines & Corbett* and *Duncan, Wolters & Lane,* for appellee.—Under our laws a suit to annul a marriage for any impediment rendering such contract void is, for the purpose of jurisdiction, a suit for divorce, and should be brought in the county of residence of the plaintiff.

WILLIAMS, ASSOCIATE JUSTICE.—Certified question from the Court of Civil Appeals for the First District, as follows:

"J. C. Rabb, as next friend of his lunatic brother, Sydney Rabb, brought this suit in the District Court of Fayette County against the appellant to annul a contract of marriage between appellant and the said Sydney Rabb, and to enjoin appellant from taking possession of personal property belonging to the estate of said lunatic. The ground upon which the marriage was sought to be annulled was the mental incapacity of Sydney Rabb at the time he entered into the contract.

"Sydney Rabb was a resident of Fayette County at the time the suit was brought. The defendant resided in Bexar County when the suit was brought and at the time of the trial in the court below. A plea of privilege to be sued in the county of her residence filed by the defendant was overruled by the trial court.

"The trial of the case in the court below resulted in a verdict and judgment in favor of plaintiff, and the appeal of defendant from that judgment is now pending in this court.

"At a former day of the term we affirmed the judgment of the District Court but appellant has filed a motion for rehearing and we respectfully certify for your decision the following question which is raised by said motion.

Question. "Is the venue of the cause of action alleged by appellee controlled by subdivision 16 of article 1194 of the Revised Statutes requiring suits for divorce to be brought in the county of the plaintiff's residence?"

The phrase, "suit for divorce," is often used in statutes and in the decisions of the courts to include not only the proceeding more accurately so termed, which has for its object the dissolution of the bonds of an existing legal marriage, but also those which seek to annul asserted marriages on grounds that render them either void or voidable from the beginning; and when used in its most general sense it may justly be held to embrace all of these proceedings. (1 Bishop Mar. & Div., sec. 136; 2 id., 226, 292, 293.) But our statutes on which the answer to the question depends are more specific. The sixteenth exception to the rule requiring suits to be brought in the counties of the defendants' residence specifies "suits for divorce from the bonds of matrimony." Looking to the chapter of the Revised Statutes regulating divorces, we find

provisions for all of the proceedings mentioned, and that the phrase "suits for divorce from the bonds of matrimony," is used throughout to designate those actions which are brought to separate the parties from the bonds of valid marriages for causes arising after marriage and not the others. This classification was first made in this State by the Act of 1841, entitled "An Act concerning Divorce and Alimony." The first section of that Act gave to the courts jurisdiction over suits for the dissolution of marriages, because of a specified impediment existing when they took place, by decrees declaring them null and void. This was so amended in 1879 as to include all impediments which render marriages void. Other sections of the Act of 1841 provided for divorces "from the bonds of matrimony" for reasons arising after the consummation of the marriages, and some of the further regulations in that statute in terms apply to that class of proceedings by name while others are generalized so as to apply to all of the actions mentioned. Section 11, as then adopted, was as follows:

"That where a divorce from the bonds of matrimony is prayed for on the ground of adultery, when the marriage was solemnized abroad, it must clearly and distinctly appear to the satisfaction of the court and jury, that both parties were inhabitants of this Republic at the time the adultery was committed, and to entitle a party to sustain a petition for such divorce, he must be an actual and bona fide inhabitant of this Republic at the time of the adultery committed, and at the time of exhibiting his petition." Plainly this section applied only to the action for divorce proper. It was so amended in 1873 as to read as follows:

"No suit for divorce from the bonds of matrimony shall be maintained in the courts of this State, unless the petitioner for such divorce shall, at the time of exhibiting his or her petition, be an actual, bona fide inhabitant of this State, and shall have resided in the county where the suit is filed six months next preceding the filing of the suit."

Of course it would have been competent for the Legislature, in adopting this amendment as to venue, to have made it applicable to all of the actions, but the terms employed can not be said to have that effect, because they relate explicitly to the particular class of actions specified in the original section and unmistakably distinguished from the others in the statute of which the amendment became a part. When the amendment was adopted the general rule requiring suits to be brought in counties where defendants resided was in force and the language of the amendment shows no purpose to take out of the operation of that rule any suits but those for divorce from the bonds of matrimony as they were defined in the statute. The amendment of 1873 has been simply carried into the Revised Statutes under the heads of venue and of divorce and operates only as it did when adopted. The fact that the Act of 1841 and the Revised Statutes include all of the actions under the head of "Divorce" can not change this construction, because, if it be conceded that all of them have been treated generally as actions for divorce, the particular provision as to venue has not been extended to all of them. We therefore answer the question in the negative.