**McDADE v. McDADE.** (No. 3639.)

Court of Civil Appeals of Texas. Texarkana.
April 11, 1929.

Hall, Scott, Casey & Hall, of Marshall, for appellant.

LEVY, J. (after stating the case as above). [1, 2] The assignment of error is: "The court erred in holding that he was without jurisdiction to try the cause and determine the issues therein."

The marriage license was issued and the marriage ceremony was performed in Texas. Although both the plaintiff and the defendant were nonresidents of Texas, yet the defendant voluntarily entered an appearance in the suit. In such facts no insuperable bar appears against the court's exercising jurisdiction to try the cause on its merits, unless article 4631, R. S., reveals the legislative intent of prohibition against the exercise of such jurisdiction by the court because the plaintiff had no actual bona fide domicile within the state at the commencement of such suit. Article 4631 reads: "No suit for divorce shall be maintained in the courts of this state unless the petitioner for such divorce shall at the time of exhibiting his or her petition, be an actual bona fide inhabitant of this state for a period of twelve months, and shall have resided in the county where the suit is filed for six months next preceding the filing of same."

In view of the classification for judicial decree as made by the statute, the term "suit for divorce," as used in article 4631, was intended to specifically relate and have application only to the same class of actions denominated "divorce" in the meaning of divorce of a valid marriage for causes arising after marriage. The statute has made the classification for judicial decree, viz.:

"Article 4628. The marriage relation may be dissolved where the causes alleged therefor shall be natural or incurable impotency of the body at the time of entering into the marriage contract, or any other impediment that renders such contract void, and the court may decree the marriage to be null and void."

"Article 4629. Except where the husband or wife is insane, a divorce may be decreed in the following cases: [Here follow five distinct causes arising after marriage, of ill-treatment, excesses, adultery, desertion and felony conviction.]

As will be observed, there is a distinction between the annulment of the marriage relation for antenuptial causes and "a divorce" for postnuptial causes. In the former the marriage is declared to have been voidable or void from the beginning. In the latter the marriage, valid from the beginning, is declared terminated for the subsequent misconduct of one of the parties. It is in accord with an established fundamental principle of government that the courts of a state have no jurisdiction to decree a divorce upon postnuptial grounds between parties who have actual bona fide domicile in another state. 19 C. J. p. 26; 14 Cyc. p. 584. That principle does not extend and include annulment of the marriage upon antenuptial grounds. The same reasons and considerations for limiting the jurisdiction of the courts do not exist. The propriety of a judicial determination of the invalidity of a marriage seems obvious. The fact of nullity is merely made a matter of record which cannot be disputed.

The case of Schneider v. Rabb, 100 Tex. 211, 97 S. W. 463, reviews the wording and the history of article 4631. In that case it was determined that the term "divorce" as used in the article was intended to relate to the particular class of actions provided for in article 4629. While the present wording of the article is in a way different from the wording at the time of that decision, yet we think the same construction should be given.

The judgment is reversed, and the cause is remanded for trial.