**SMITH v. SMITH.**

No. 2614.

Court of Civil Appeals of Texas. Waco.

Nov. 9, 1944.

Rehearing Denied March 22, 1945.

W. M. Harman and J. W. Spivey, both of Waco, for appellant.

C. S. Farmer, of Waco, for appellee.

RICE, Chief Justice.

This is an appeal by Iola Smith from a judgment annulling a ceremonial marriage theretofore contracted by her with Willie George Smith. Appellant takes the position that the trial court committed material and reversible error in the following respects: (1) In rendering judgment in the absence of appellant and her attorney before the lapse of ten days after the filing of the citation and return, thus rendering the judgment of the trial court void, or in the alternative, voidable; (2) in abusing its judicial discretion in overruling appellant's amended motion for new trial; and (3) in entertaining the suit because of lack of jurisdiction and jurisdictional averments in the petition as required by Article 4631, R. S.1925, Vernon's Ann.Civ.St. art. 4631.

On October 6, 1943, plaintiff filed his original petition, wherein he alleged his residence to be in McLennan County, Texas, and that of the defendant to be in the state of Florida; that on or about February 6, 1932, plaintiff and defendant were ceremonially married; that such marriage was neither valid nor legal because at the time defendant entered into said marriage contract defendant was then and there legally married to and was the wife of one James Hamilton, and had never been divorced from him; that defendant had two children by the said James Hamilton; that the foregoing facts constituted an impediment that rendered the marriage between plaintiff and defendant void under the provisions of Article 4628, R.S. of the State of Texas, and prayed that the same be adjudged null and void.

Nonresident notice, accompanied by a copy of plaintiff's petition, was duly served on defendant in West Palm Beach County, Florida, on October 28, 1943, and was duly returned to the court from which it was issued, and was endorsed as filed on November 19, 1943.

On November 8, 1943, the defendant filed her answer, signed and sworn to by her attorney on information and belief, wherein she alleged that plaintiff was not a resident of the State of Texas but was a resident of the State of Florida; that she and plaintiff were married as alleged by plaintiff, but denied that she was ever married to James Hamilton, or to any other person save the defendant, and moved that the action be dismissed for lack of jurisdiction.

The trial court rendered judgment on November 29, 1943, adjudging the marriage contract theretofore existing between plaintiff and defendant "be and the same are hereby in all things forever dissolved and annulled." The judgment contained the following recitation: "This cause coming on its regular order to be heard, came the plaintiff in person and by attorney, and announced ready for trial; and the defendant, although having been duly cited by law and having filed her answer herein, failed to appear but wholly made default. And a jury being waived, all matters of fact, as well as of law, were submitted to the court; and the court having heard and fully considered the pleadings, evidence and argument of counsel, and being in all things fully advised, is of the opinion that all the material allegations in plaintiff's petition are true, and that the marriage contract should be annulled as therein prayed."

On December 22, 1943, defendant filed her unverified amended motion for new trial, signed by her then attorney, he not being the attorney who signed and filed her original answer. In said motion, appellant challenged the jurisdiction of the trial court because she alleged neither of the parties were residents of the State of Texas but both were resident citizens of the State of Florida, in which state the marriage ceremony was performed; and because defendant was never married to James Hamilton either under the statute or common law. This motion was supported by the attached affidavit of the defendant and of several others.

In her affidavit defendant states that she was married to plaintiff on the date alleged by him; that plaintiff had been absent from the State of Florida since about August 13, 1942; and that:

"Affiant further says that she has never been known, nor was she ever, on any occasion, even introduced or held out as the wife of James Hamilton; that she never spent the night with him in her entire life time and that the birth of the two children of whom James Hamilton is the father, occurred through casual association and intercourse. * * *"

"Affiant further says that she is in position to prove by innumerable witnesses that she has never been held out or known as the wife of James Hamilton and that she has never lived with him in her entire life time."

It will be noted that affiant did not, in plain and unambiguous language, aver in her affidavit that she had never been married to James Hamilton. She did attach to her motion the affidavit of others showing close association with her over many years and negativing, in so far as the affiants had knowledge, the fact of her marriage to James Hamilton.

As indicated above, appellant's first point is that the judgment of the trial court is void, or voidable, because of the error of the trial court in trying this cause and rendering judgment in the absence of appellant and her attorneys before the lapse of ten days after the filing of the citation and return.

Citation was served on defendant on October 28, 1943, but was not filed with the Clerk of the District Court until November 19, 1943. The judgment of the trial court was rendered on November 29, 1943, which was less than ten days from the date of filing of the citation, excluding the filing date and the date of judgment.

■ Defendant takes the position that the judgment rendered against her was one by default, and that the trial judge was expressly prohibited from rendering such judgment within such ten-day period by reason of Rule 107, Texas Rules of Civil Procedure, reading in part as follows: "No default judgment shall be granted in any cause until the citation, with the officer's return thereon, shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment."

We overrule this assignment. As Noted above, defendant, through her attorney, filed her answer on November 8, 1943, twenty days before the rendition of the judgment herein attacked. Rule 121, Texas Rules of Civil Procedure, provides: "An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him." The source of this rule is Article 2047, unchanged. In our opinion, Rule 107 has no application to the factual situation here presented, where the defendant has answered; the answer has been on file for twenty days before the rendition of judgment; the cause came on in its regular order to be heard; and there is nothing in the record to indicate that the cause was called and tried in the absence of notice to appellant and her attorney.

The defendant did not plead that this cause was not regularly set or that it was called out of its regular order, or was tried in the absence of notice of such setting to her or her attorney. No statement of the facts adduced on the trial of the cause or upon the hearing of the motion for new trial has been filed with the record. The judgment expressly recites that this cause came on in its regular order to be heard. This recitation is not attacked and must be accepted by us as true. Defendant did not plead, and we therefore assume, in the absence of a statement of facts, that appellant did not offer any evidence tending to prove any reason that caused or prevented either herself or her attorney from being present when this cause was called and tried.

 Defendant's second point is that the trial court abused its judicial discretion in overruling appellant's amended motion for new trial.

We overrule this assignment for the reasons above expressed. Although the motion for new trial avers that appellant was never married to James Hamilton, it was not sworn to by either the defendant or her counsel. It is to be noted that defendant's affidavit thereto attached, the pertinent parts of which are quoted above, nowhere categorically alleges that she was never married to James Hamilton. By filing an answer herein, defendant placed herself within the jurisdiction of the trial court for all purposes of this cause. Long Island Machinery & Equipment Co. v. Baird, Tex.Civ.App., 117 S.W.2d 565. She has made no attempt to excuse her failure to attend the trial and present her defenses.

 The third point presented by defendant's brief is that the trial court erred in entertaining this suit because of lack of jurisdiction and because plaintiff's petition did not set forth the jurisdictional averments required by Article 4631, R.S. 1925, Vernon's Ann.Civ.St. art. 4631.

In brief, it is defendant's contention that this suit is one for divorce; hence is governed by the provisions of Article 4631, R.S.; and, plaintiff not having pleaded that he was an actual bona fide inhabitant of this state for a period of twelve months and had resided in the county where the suit was brought for six months next preceding the filing of the same, the trial court had no jurisdiction.

We overrule this assignment. Article 4628 deals with the annulment of marriage relations for causes antecedent to the marriage contract. Article 4629 sets forth the grounds arising after marriage on which a divorce may be granted. Article 4631, by its express terms, is limited to suits for divorce. Plaintiff's suit was one for annulment of a ceremonial marriage which was void ab initio because the defendant was then legally married to another from whom she had never been divorced. The exact question here presented was decided adversely to appellant in the case of McDade v. McDade, Tex.Civ.App., 16 S.W.2d 304. See also Schneider v. Rabb, 100 Tex. 211, 97 S.W. 463; 28 T.J., p. 744, sec. 49.

For the reasons above expressed, the judgment of the district court is affirmed.