## GARCIA v. GARCIA.

### No. 12168.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 20, 1950.

Alaniz & Norris, Alice, for appellant.

H. Alston Terry, Corpus Christi, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted in the District Court of Nueces County of Johanna Strahl Garcia against Ponciano Garcia, seeking to annul a purported marriage between the parties which took place in Germany on April 13, 1949. Plaintiff alleged that she was a resident of Nueces County, but admitted she had not lived there for six months prior to instituting the suit. The defendant was a resident of Jim Wells County. He filed a plea of privilege to be sued in the county of his residence which was overruled, and Ponciano Garcia has prosecuted this appeal.

Appellee contended that she was entitled to maintain this suit in Nueces County under Subdivision 16 of Article 1995, Vernon's Ann.Civ.Stats., reading as follows: "16. Divorce—Suits for divorce shall be brought in the county in which the plaintiff shall have resided for six months next preceding the bringing of the suit."

Appellant contends that the suit is one for annulment and therefore is not a divorce suit and is not governed by the provisions of said Subdivision 16.

Regardless of what the nature of this suit may be, it seems that venue of it cannot be sustained in Nueces County. If it is a divorce suit and is controlled by Subdivision 16, the appellee cannot maintain the suit in Nueces County, because she has not lived there six months as is required. On the other hand, if it is not a divorce suit then it is not governed by Subdivision 16, and the general provisions of Article 1995, Vernon's Ann.Civ.Stats., would control and appellant would be entitled to be sued in the county of his residence.

We are of the opinion that this suit is one for annulment and not for divorce as that word is used in said Subdivision 16, and therefore appellant was entitled to have his plea of privilege sustained.

All of the allegations as to why the marriage should be annulled relate to antenuptial causes and do not relate to postnuptial causes. A suit for annulment presumes that there never was a valid marriage and that therefore it should be declared void, while a suit for divorce presumes a valid marriage, but asks that that relation be dissolved for postnuptial causes. McDade v. McDade, Tex.Civ.App., 16 S.W. 2d 304.

The very question here involved was certified to the Supreme Court in the case of Schneider v. Rabb, 100 Tex. 211, 97 S.W. 463, and the Supreme Court held in that case that Subdivision 16 of the venue statute did not apply to suits for annulment. Accordingly, the judgment of the trial court overruling appellant's plea of privilege will be reversed and judgment here rendered granting appellant's plea of privilege, and directing the District Clerk of Nueces County to transfer this case to the District Court of Jim Wells County, Texas, in the manner provided for by Rule 89 of the Texas Rules of Civil Procedure.

Reversed and rendered.