**John McPHEE, Jr. and Sheri McPhee, Plaintiffs-Appellants,**

**v.**

**OLIVER TYRONE CORPORATION et al., Defendants-Appellees.**

**No. 73–1660.**

United States Court of Appeals, Fifth Circuit.

Feb. 6, 1974.

J. Joshua Stevens, Jr., West Point, Miss., Howard A. Davis, Milwaukee, Wis., for plaintiffs-appellants.

James E. Price, Corinth, Miss., for defendants-appellees.

Before WISDOM, AINSWORTH and GEE, Circuit Judges.

AINSWORTH, Circuit Judge:

This is an appeal from a district court order granting the motion of the defendant for summary judgment and dismissing the complaint on its merits. We reverse and remand for trial on the merits.

In 1965, John McPhee, Jr. was operating a sawmill for his employer, Erickson Hardwoods, Inc., of Onalaska, Wisconsin, when the log carriage unexpectedly moved and forced him into the saw blade, amputating both of his legs. Corinth Machinery Company, a Mississippi corporation domiciled in Corinth, Mississippi, had installed the sawmill pursuant to an agreement to replace portions of Erickson's existing sawmill. After receiving the results of an inspection of the existing mill by one of Corinth's sales representatives, Corinth's chief engineer determined that the appropriate carriage drive for Erickson's operation was a unit manufactured by the appellee, Oliver Tyrone Corporation, a Pennsylvania corporation with its main office in Corinth, Mississippi. The required carriage drive was then purchased from Tyrone and was delivered to Corinth in Corinth, Mississippi, as a packaged unit with a control lever mounted directly on the side of the unit. The control lever, as manufactured and sold by Tyrone, did not contain a locking device to prevent unintentional movement of the carriage drive.

Upon receipt of the unit, Corinth's chief design engineer determined that a longer control lever for the carriage drive might be operated and controlled by the sawyer at a distance from the unit itself. The original control lever was removed and discarded, and Corinth manufactured a new control lever, which, like the original, did not incorporate a locking device. Corinth then mounted the carriage drive on its frame husk, and this complete assembly, along with other related items, was shipped to Erickson, which assembled the entire sawmill.

McPhee and his wife, Wisconsin residents, brought a diversity action against Corinth and Tyrone in the United States District Court for the Western District of Wisconsin for damages sustained by them as a result of the aforementioned accident. They contended that the movement of the carriage which initiated the accident occurred without any action on McPhee's part and that this could have been prevented by incorporating a locking device into the control lever.

The Wisconsin district court dismissed Tyrone for lack of jurisdiction over the person. See Fed.R.Civ.P. 12(b)(2). Pursuant to a special jury verdict, the McPhees were awarded judgments against Corinth in the total amount of $474,349.46, plus interest and costs. In response to a question submitted by the court, the jury found Corinth negligent in "failing to provide a locking device" and in "failing to properly inspect and supervise the installation." The judgment was affirmed by the United States Court of Appeals for the Seventh Circuit.

Corinth, unable to respond to the entire judgments, negotiated a settlement with the McPhees under which Corinth's liability carrier paid $100,000, the limits of its policy, and Corinth paid $100,000. As part of the agreement, Corinth also assigned and transferred to the McPhees such claim or claims as Corinth might have for indemnity or contribution against Tyrone.

The McPhees, appellants here, then filed this diversity suit to recover $150,000 from Tyrone. Count I of their

complaint seeks indemnity on the theory that Corinth's negligence was "passive" while Tyrone's was "active." This count recognizes the Mississippi doctrine that joint tort-feasors *in pari delicto* are not entitled to indemnity from each other. *See, e. g.*, Smith Petroleum Serv., Inc. v. Monsanto Chem. Co., 5 Cir., 1970, 420 F.2d 1103, 1112; Home Ins. Co. v. Atlas Tank Mfg. Co., 230 So.2d 549 (Miss. 1970); Bush v. City of Laurel, 215 So. 2d 256 (Miss.1968). Count II of the complaint is based on the theories of breach of implied warranty and strict liability in tort.

Affidavits in support of the summary judgment motion were filed in the district court by Tyrone's chief engineer and by Corinth's board chairman and chief design engineer; and affidavit in opposition to the motion was filed by appellants' counsel. The affidavits submitted in support of the motion included pictures and drawings of the unit involved in this suit; the affidavits in opposition contained exhibits and testimony excerpted from the evidence presented at the Wisconsin trial.

The district court granted Tyrone's motion for summary judgment. 353 F. Supp. 601. With respect to Count I, the court concluded as a matter of law that Corinth's negligence was active rather than passive, and that under Mississippi law there is no right of indemnity between two such equally culpable tort-feasors as Tyrone and the McPhees' assignor, Corinth. The court also found that appellants could not recover under the theories of implied warranty or strict liability in tort. The court rejected their contention that there was an implied warranty to furnish a product suitable for the use intended because it was of the opinion that the omission of a locking device on the control lever was "obvious and apparent to all." *Id.* at 607. Consequently, under Mississippi law it saw no duty on the part of Tyrone, the manufacturer, to warn Corinth of this "obvious defect." *Id.*; *see* Harrist v. Spencer-Harris Tool Co., 244 Miss. 84, 140 So.2d 558, 562 (1962). Appel-

lants' theory of strict liability in tort was rejected on the ground that a substantial change, the attachment of a new control lever, was made in the unit after its sale by Tyrone and before the unit reached the mill. *See* State Stove Mfg. Co. v. Hodges, 189 So.2d 113, 118 (Miss.1966), cert. denied, 386 U.S. 912, 87 S.Ct. 860, 17 L.Ed.2d 784 (1967).

■ Summary judgment should be granted only when the moving party is entitled to judgment as a matter of law and when no genuine issue remains for trial, it being quite clear what the truth is. Fed.R.Civ.P. 56(c); Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 728–729, 321 U.S. 620 (1944); Shahid v. Gulf Power Co., 5 Cir., 1961, 291 F.2d 422, 423–424. *See also* Associated Press v. United States, 326 U.S. 1, 65 S.Ct. 1416, 89 L.Ed. 2013 (1945); Eccles v. Peoples Bank, 333 U. S. 426, 68 S.Ct. 641, 92 L.Ed. 784 (1948). After careful examination of the record before us, we do not think these requirements were satisfied. As an appellate court, however, we are not called upon to decide factual issues, but only to determine whether there may be factual issues to be tried. Slagle v. United States, 5 Cir., 1956, 228 F.2d 673; National Screen Serv. Corp. v. Poster Exch., Inc., 5 Cir., 1962, 305 F.2d 647, 651. *See also* Palmer v. Chamberlin, 5 Cir., 1951, 191 F.2d 532, 540.

■ In this case, there appear, at the least, to be genuine issues of fact with respect to: (1) whether Corinth's negligence was active or passive in relation to Tyrone's responsibility· for the accident; (2) whether the omission of a locking device on the control lever constituted an obvious danger; (3) whether Corinth's attachment of a new control lever constituted a substantial change in the original unit. The district court's resolution of these issues on the basis of the materials before it was unwarranted. These materials, including evidence adduced at the Wisconsin trial and the jury's special verdict there, did not provide a sufficient basis on which to draw conclusions of fact and law in this case.

The facts and circumstances of this lawsuit should be developed through the full inquiry of a trial before the district court below. Since the ultimate questions to be answered in this case are complex and are necessarily entwined with the interpretation of the facts, an explication of the facts before that court is necessary if it is to deal adequately with the applicable law. *See, e. g.* NLRB v. Smith Indus., Inc., 5 Cir., 1968, 403 F.2d 889, 893; Keating v. Jones Dev. of Missouri, Inc., 5 Cir., 1968, 398 F.2d 1011.

Reversed and remanded.