Unise COOK, Plaintiff-Appellant,

v.

BRISTOL STEEL AND IRON WORKS, INC., Defendant-Appellee.

No. 78–2077

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 16, 1978.

Rehearing Denied Nov. 8, 1978.

Adams, Baker & Clemon, O. William Adams, III, Birmingham, Ala., for plaintiff-appellant.

Beddow, Fullan & Vowell, J. Scott Vowell, Birmingham, Ala., for defendant-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

Bristol Steel and Iron Works, Inc., (Bristol), appellee herein, is engaged in the preparation and fabrication of steel primarily for use in bridge building. Bristol owns and operates at least two facilities. The main plant is known as the Bristol Division and is located in Bristol, Virginia. Another Bristol plant, located in Bessemer, Alabama, is called the Bessemer Division. Appellant Cook is employed as a lift truck driver in the Bessemer Division. Cook filed this action under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

U.S.C. § 2000e et seq., alleging discrimination in employment based on his race.

The plaintiff's complaint set forth that Cook, although classified as an "over the road" truck driver, was rarely afforded the opportunity to travel over the road. This is true he alleges, even though white employees, who were similarly situated in their employment status with the plaintiff, were frequently permitted to travel over the road. Plaintiff further alleges that he was demoted to lift truck driver and harassed by the defendant company officials because of his race.

The defendant filed a motion to dismiss.

After receipt of opposing affidavits the trial court found that defendant's decisions with respect to the shipment of goods were based on economic reasons and were not the result of racial discrimination. Accordingly, the trial court granted summary judgment in favor of Bristol. This appeal followed.

In this Circuit, the standard governing summary judgments is clear:

"summary judgment can be granted only when there is no genuine issue as to any material fact and where the moving party is entitled to a judgment as a matter of law. If there is a real factual dispute between the parties, relevant to a legal claim, then they must be afforded a trial. Fed.R.Civ.P. 56(c); *McPhee v. Oliver Tyrone Corp.*, 5 Cir. 1974, 489 F.2d 718; *Keating v. Jones Development of Missouri, Inc.*, 5 Cir. 1968, 398 F.2d 1011. In order to determine these matters we look at the pleadings, depositions, answers to interrogatories, admissions on file and any affidavits. Fed.R.Civ.P. 56(c); *Sherman v. Hallbauer*, 5 Cir. 1972, 455 F.2d 1236."

*Dow Chemical Co. v. Ashland Oil, Inc.*, 579 F.2d 902, 904 (5th Cir. 1978); *Ecology Center of Louisiana, Inc. v. Coleman*, 515 F.2d 860, 864 (5th Cir. 1975).

On the basis of the affidavits submitted in support of and in opposition to the motion to dismiss (treated as a motion for summary judgment), we find that there existed issues of material fact which were disputed, and reverse.

The essence of Bristols' defense is that economic considerations governed their refusal to create an over-the-road job for plaintiff. The affidavit of Sam L. Crockett, Director of Personnel at Bristol Steel states that Bristol employs three over-the-road drivers at the Virginia plant but concludes that "[b]ecause of the nature of our operation and the size of our loads, it has never been economically feasible to operate company-owned trucks out of Bessemer". This, affiant contends, is true notwithstanding Bristol's 1972 overhaul of Bessemer's 1968 GMC Tandem, which was concededly capable of over-the-road hauling. Affiant supports his claim with an explanation of the intricacies of the transportation process, the volume of steel shipped by common carrier at Bessemer, and a comparison of the freight requirements of the Bristol and Bessemer divisions. Bristol asserts that only 2% of the Bessemer Division Steel is hauled by Bristol trucks.

Appellant, on the other hand, alleges that 30% of the Bessemer Division Steel is hauled in Bristol trucks by four Bristol over-the-road drivers. He further states that the purpose of the 1972 overhaul was to use that truck for over-the-road work. This allegation is supported by reference to Bristol's subsequent purchase of road-tariff stickers from several of the surrounding states. After adding that it is economically feasible for the company to use the 1968 GMC Tandem located at the Bessemer Division, the appellant concludes that the motivation of appellee in not granting plaintiff over the road status was racial, not economic.

Thus, the affidavits are contradictory on the issue of Bristol's motivation in not employing the use of an over-the-road type vehicle by the Bessemer Division. This being the core issue in this contest, the trial court's granting of summary judgment was improper. We indicate no opinion as to the ultimate result, only that factual resolutions cannot be made in this manner.

Reversed and remanded.