**John B. FOSTER, Plaintiff-Appellant,**

v.

**SWIFT & CO., Defendant-Appellee.**

**No. 78–2111.**

United States Court of Appeals, Fifth Circuit.

April 18, 1980.

David M. Driscoll, William R. Maynard, El Paso Legal Assistance Society, El Paso, Tex., for plaintiff-appellant.

Sam Sparks, Kenneth R. Carr, El Paso, Tex., for defendant-appellee.

Before GODBOLD, GARZA and RANDALL, Circuit Judges.

GARZA, Circuit Judge:

Appellant, John B. Foster, sued his employer, Swift & Co., pursuant to the Civil Rights Act of 1870, 42 U.S.C. § 1981, alleging that Swift had engaged in employment discrimination against him because of his race. Specifically, Foster alleged (1) that Swift's initial refusal to hire him in 1963 was racially motivated and, even though he was eventually hired in 1966, Swift's refusal to correct his seniority status, to reflect the date of his original application and refusal of employment, constituted a continuing violation of his rights which facilitated his being laid-off (in accordance with the inverse seniority collective bargaining agreement) which otherwise would not have occurred, and (2) that the reasons for his being laid-off in 1977 and not being recalled to work thereafter were also due to racial prejudice.

After taking Foster's deposition, Swift moved for summary judgment on the grounds that the action was barred by Texas' two-year statute of limitations, Vernon's Ann.Civ.St. Art. 5526 (1970). In an unpublished statement of findings of fact and conclusions of law, the District Court found that any cause of action arising from Swift's refusal to hire in 1963 was time-barred and the court granted summary judgment in favor of Swift. The Court made no other written findings concerning Foster's allegations of racially motivated laying-off or refusal to recall for work. On appeal Foster does not challenge the District Court's ruling on the cause of action arising from Swift's refusal to hire, but Foster does challenge the granting of summary judgment disposing of his other allegations.

Under Rule 56 of the Federal Rules of Civil Procedure, Swift, as the moving party, had the burden of showing the absence of a genuine issue of material fact. *Adickes v. S. H. Kress and Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). In considering a motion for summary judgment, the trial court has no duty or function to try or decide factual issues. Its only duty is to determine whether or not there *is* an issue of fact to be tried. *Hayden v. First National Bank of Mt. Pleasant, Texas*, 595 F.2d 994 (5th Cir. 1979). In reviewing the record, all of the summary judgment materials must be viewed in the light most favorable to the non-moving party. *Adickes v. S. H. Kress and Co., supra; United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

In his pleadings, deposition, and affidavit in opposition to summary judgment, Foster contended he was laid off, and not called back to work for over three years, because of his race. He testified that a manager told him that he was needed but that another manager just didn't want him working there. He also testified that the remaining workers have been working excessive overtime since he was laid-off. Defendant's affidavit and deposition testimony in support of summary judgment do not specifically refer to or contradict Foster's allegations of racial prejudice. Although the District Court made no specific findings as to these allegations, there was an implicit decision on the facts that the laying-off was not motivated by Foster's race. In *Hayden v. First National Bank of Mt. Pleasant, Texas, supra*, this Court held that employment discrimination cases "necessarily involve examining motive and intent" and in such cases "granting of summary judgment is especially questionable." 595 F.2d at 997. Here, Swift's motivation was crucial to Foster's case and it should have been developed and decided by the fact finder at a trial on the merits. Even if Foster had the least seniority, he still could have been laid-off, and/or not called back, for reasons of race. The District Court's granting of summary judgment was improper and requires reversal relative to these allegations. *See, Cook v. Bristol Steel and Iron Works, Inc.*, 582 F.2d 22 (5th Cir. 1978).

AFFIRMED in part; REVERSED and REMANDED in part.