**Beverly L. STUBBS, Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, Defendant.**

**C.A. No. H–86–2337.**

United States District Court,
S.D. Texas,
Houston Division.

Oct. 23, 1986.

Michael B. Feldman, Houston, Tex., for plaintiff.

Walter F. "Trey" Williams, III, Lorance & Thompson, Houston, Tex., for defendant.

ORDER

McDONALD, District Judge.

Pending before the Court is Plaintiff's Motion for Summary Judgment. Having considered the arguments of the parties and the applicable law, the Court is of the opinion that the Motion should be GRANTED.

Under Fed.R.Civ.P. 56, summary judgment may be granted only where the entire record shows that no genuine issue of material fact exists. *Erco Industries, Ltd. v. Seaboard Coast Line Railroad Co.*, 644 F.2d 424, 428 (5th Cir.1981). The trial court has no duty to decide factual issues, only whether there is an issue of fact to be tried. *Foster v. Swift & Co.*, 615 F.2d 701, 702 (5th Cir.1980).

The facts of this case as set out in paragraphs II, III, and IV of Plaintiff's Original Petition have been admitted to in Defendant's Original Answer. No genuine issues of material fact remain in dispute.

Plaintiff's husband, Richard A. Stubbs died on or about December 2, 1978. Mr. Stubbs was an employee of NL Industries and had elected to participate in their Survivor Income Benefit Plan, which was underwritten and administered by Defendant. As the beneficiary and surviving spouse, Plaintiff received a lump sum distribution of $27,100. In addition, she was entitled to receive monthly annuity payments of $564.75 until July 1, 1989, and $282.38 thereafter. Under provisions of the Plan, benefits would cease upon Plaintiff's death or remarriage.

On or about November 3, 1984, Plaintiff married Warren Arthur Ashwill. Pursuant to provisions of the Survivor Income Benefit Plan, Defendant ceased payments under the plan on such date. On May 29, 1985,

the marriage between Plaintiff and Warren Arthur Ashwill was annulled by the 311th Judicial District Court of Harris County, Texas, on grounds of fraud. On or about June 10, 1985, Plaintiff wrote a letter to Defendant notifying Defendant of the annulment and requesting reinstatement of annuity benefits. On or about June 26, 1985, Defendant wrote to Plaintiff refusing to reinstate the Survivor Income Benefits. On July 29, 1985, Thomas Dean Hamblin, a licensed attorney, sent a letter by certified mail to Defendant demanding payment of benefits on Plaintiff's behalf. On or about November 12, 1985, Defendant sent a letter to Mr. Hamblin, again refusing payment of benefits.

This case presents a single issue of law: Does annulment of a widow's remarriage restore the pension rights held by her prior to the remarriage as widow of the first husband?

■ There are no Texas cases either restoring or denying pension rights after annulment. However, in *Simpson v. Nealy*, 221 S.W.2d 303 (Tex.Civ.App.1949), the court noted that a marriage induced by fraud is valid of all purposes "until annulled by proper decree of a court." *Simpson*, 221 S.W.2d at 308. Moreover, there are Texas cases which hold that once annulled, a voidable marriage becomes void *ab initio*. *Bruni v. State of Texas*, 669 S.W.2d 829, 835 (Tex.App. 3 Dist.1984); *McDade v. McDade*, 16 S.W.2d 304, 305 (Tex.Civ.App.1929). Granting the Plaintiff's annulment petition made the remarriage a nullity and restored the parties to the state existing before the remarriage.

■ The rule that an annulment of a widow's remarriage restores her to pension rights held by her as a widow of the first husband has been generally recognized in other jurisdictions. Annot., 85 A.L.R.2d 242 (1962). For example, in *Folsum v. Pearsall*, 245 F.2d 562 (9th Cir.1957), the Ninth Circuit held that since under California law an annulment means that no valid marriage ever existed, a widow's social security insurance benefits should have been reinstated.

The Court finds this line of reasoning equally persuasive in this case. Annulment of Plaintiff's remarriage restores pension rights held by her as widow of the first husband.

Accordingly, it is ORDERED, AD-JUDGED and DECREED that Plaintiff's Motion for Summary Judgment is hereby GRANTED.

It is further ORDERED that Defendant shall have twenty (20) days to respond to Plaintiff's request for damages and attorney's fees as set out in paragraphs V, VI, and VII of Plaintiff's Motion for Summary Judgment.

The Clerk shall file this Order and provide a true copy to counsel for all parties.