Henry COIT, Appellant,

v.

DALLAS COUNTY FLOOD CONTROL DISTRICT NO. 1, Appellee.

No. 11–93–228–CV.

Court of Appeals of Texas, Eastland.

May 25, 1995.

Stuart A. Jones, N. Alex Bickley, Charles A. Cross, Dallas, for appellant.

Joe Putnam, Irving, James D. Blume, James Donald Blume Law Office, Dallas, for appellee.

ARNOT, Chief Justice.

Dallas County Flood Control District No. 1 brought suit to set aside a series of transac-

tions it had with Charles A. Cross. These transactions were entered into by Cross and the District at a time when Cross was president of the District.[1] To understand the nature of this appeal and appellant's arguments, it is essential to give a brief recitation of the history of this litigation with specific reference to the facts and discussions contained in the two previous appeals between the parties which are reported at *Cross v. Dallas County Flood Control District No. 1*, 773 S.W.2d 49 (Tex.App.—Dallas 1989, no writ), and *Dallas County Flood Control District No. 1 v. Cross*, 815 S.W.2d 271 (Tex. App.—Dallas 1991, writ den'd).

The District had agreed to purchase two permanent easements for flood control purposes from Cross. The consideration for these easements was set out in a November 1985 agreement between the parties. Under that agreement, Cross received $65,000 in cash and 51 promissory notes totaling $1,242,954.20 which was due in 28 months.

The District sued Cross to rescind these transactions. In the first trial, the trial court granted a summary judgment declaring that the transactions were void and rescinding them. Cross appealed that judgment. Finding the existence of a material fact issue, the Dallas Court of Appeals reversed the judgment and remanded the case for trial. See *Cross v. Dallas County Flood Control District No. 1*, 773 S.W.2d at 49.

So that the District could issue bonds and complete its construction, the parties reached an agreement in what the Dallas Court of Appeals described as a "truce." By the agreement dated September 1986, the parties placed $1,042,954.20 and the 51 promissory notes in escrow with First Western National Bank of Carrollton. This agreement is detailed by the Dallas Court of Appeals in the Subsection of its opinion entitled "THE REACTION." See *Dallas County Flood Control District No. 1 v. Cross*, 815 S.W.2d at 276.

The case was subsequently tried to a jury which answered a total of 22 special issues, 11 favorable to Cross and 11 favorable to the District. The trial court entered judgment in favor of Cross. The District appealed that judgment. The Dallas Court of Appeals held, based on the answers of the jury, that the members of the Board who voted for the transaction had violated the applicable conflict-of-interest statute, that the Board's action violated the Open Meetings Act, and that public policy barred the knowing beneficiaries of illegal transactions from asserting equitable estoppel. See *Dallas County Flood Control District No. 1 v. Cross*, 815 S.W.2d at 285. Consequently, the Dallas Court of Appeals held that the District's purchase of the two easements was voidable, reversed the trial court's judgment, and rendered a declaratory judgment that the District could rescind the transactions and recover its purchase price.

Following that decision, the trial court issued its judgment enforcing mandate, held that the easements of record were void and of no effect, and ordered that the funds in escrow with Western be paid over to the District and that the promissory notes be returned to it. No appeal was taken from that order.

Filing an interpleader action, Western tendered these funds into the registry of the court. The District filed a declaratory judgment action asserting its rights to the funds and notes under the court's mandate. Henry W. Coit, James Whatley, Charles C. Underwood, and George C. Witte claimed an interest in these proceeds by way of an assignment from Cross. The trial court entered a summary judgment ordering that these funds be paid over to the District and that the notes be returned to it. It is from this judgment that the present appeal arises.

Because the District had already constructed its flood controls over the permanent easements on the lands in dispute and because these easements were held to be void in the above actions, the District sued in a new cause of action for condemnation of these easements. The jury assessed damages for the taking in the amount of $139,000

---

1. This case has been transferred to the Eastland Court of Appeals pursuant to TEX. GOV'T CODE ANN. § 73.001 (Vernon 1988).

but found that Cross had previously been paid $578,228.74 for the property. The court entered its judgment that Cross and his assignees take nothing after applying the offset. That judgment has been appealed and is currently pending in the Waco Court of Appeals pursuant to Section 73.001.

Cross, Coit, Whatley, Underwood, and Witte bring this appeal complaining that the trial court erred in granting the summary judgment because (1) the summary judgment materially exceeded the specific provisions of the mandate issued by the court and (2) there are material issues of fact between the District and appellants which had not been settled by either an agreement of the parties or by the court. We affirm.

*Parties and Jurisdiction*

■ There are five appellants named in appellant's brief: Charles A. Cross, James Whatley, Charles C. Underwood, Henry W. Coit, and George C. Witte. Whatley and Witte have filed disclaimers in this court in this appeal and have requested to be removed as appellants. This court has dismissed Western, the interpleader, as an appellee from this appeal.

Only Coit is named as an appellant in the appeal bond filed in this case. Consequently, this court never acquired jurisdiction to consider an appeal by Cross, Whatley, Underwood, or Witte. See *Governing Board v. Pannill,* 561 S.W.2d 517 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e.); *Atterbury v. Bowman,* 186 S.W.2d 283 (Tex.Civ.App.—Eastland 1945, no writ).

■ This case was submitted on oral argument on May 4, 1995, before this court sitting in Dallas. None of the appellants listed in appellant's brief made an appearance. By letter dated May 4, 1995, Cross, appearing pro se, forwarded to this court at our offices in Eastland letters providing a suggestion of bankruptcy which he filed in the case now pending in the Waco Court of Appeals. Because Cross neither perfected an appeal in this case nor invoked this court's jurisdiction, the suggestion of bankruptcy does not stay this court from proceeding. 11 U.S.C.A. § 362 (West 1993 & Supp.1995).

We have carefully reviewed all the documents filed in the transcript of this appeal and find that only Coit is an appellant. We will now address his complaints as to the summary judgment.

*Merits of the Appeal*

■ Coit urges that summary judgment in this case is not proper because the Dallas Court of Appeals in *Dallas County Flood Control District No. 1 v. Cross,* 815 S.W.2d at 271, did not make any determination concerning the November 1985 agreement or the September 1986 agreement. Coit argues that fact issues remain involving the agreement of settlement and the escrow instructions, including whether such agreements are valid, whether they should be canceled, and whether the funds should be kept in escrow.[2] We disagree. A final judgment of an appellate court is a final determination of every question involved in the appeal, whether noticed in the opinion or not. *Partee v. Phelps,* 840 S.W.2d 512 (Tex.App.—Dallas 1992, no writ); *Alexander v. Stanolind Oil & Gas Co.,* 192 S.W.2d 781 (Tex.Civ.App.—Galveston 1946, writ ref'd n.r.e.).

The judgment of the court that the transactions were voidable and that the District was entitled to the return of its purchase price effectively dealt with the agreements. Damages for the permanent use of Cross' land have been awarded in the case now pending on appeal in the Waco Court of Appeals.

---

2. When reviewing a summary judgment, this court will adhere to the following standards:
   (1) The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law;
   (2) In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and
   (3) Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.
   TEX.R.CIV.P. 166a; *Goswami v. Metropolitan Savings and Loan Association,* 751 S.W.2d 487, 491 (Tex.1988); *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979).

There being no fact issue in this case, the judgment of the trial court is affirmed.