**Esther HAYDEN, Plaintiff-Appellant,**

v.

**FIRST NATIONAL BANK OF MT. PLEASANT, TEXAS, a Corporation, Defendant-Appellee.**

**No. 77–1419.**

United States Court of Appeals, Fifth Circuit.

May 22, 1979.

Larry R. Daves, Tyler, Tex., for plaintiff-appellant.

Norman C. Russell, Texarkana, Tex., for defendant-appellee.

Before COLEMAN, GODBOLD and IN-GRAHAM, Circuit Judges.

COLEMAN, Circuit Judge.

Ms. Esther Hayden appeals the order of the District Court granting summary judgment in an employment discrimination suit against the First National Bank of Mount Pleasant, Texas (the Bank). Because we find that the District Court erred in deciding the merits of the case on a motion for summary judgment, we reverse and remand the case for proper disposition.

In July of 1974 Esther Hayden, a black female with a diploma from Tyler Commercial College, applied for a secretarial position at the Bank. She was hired and started to work on July 15 in the bookkeeping department. Her duties, primarily, were to file cancelled checks as they returned to the Bank for collection and, occasionally, to answer the telephone.

On October 4, 1974, Hayden was discharged. She filed sworn charges of discrimination with the Equal Employment Opportunity Commission (EEOC) on February 10, 1974, within 180 days of the occurrence complained of. Since the EEOC did not file a complaint or enter into a conciliation agreement within 180 days of the filing of the charges, appellant requested issuance of the Notice of Right to Sue within 90 days. This notice was issued on February 27, 1976, and suit was brought in district court within the time period. Thus, she complied with all of the time limitations required when bringing an employment discrimination suit pursuant to 42 U.S.C. § 2000e–5(f)(3), as amended, providing jurisdiction over claims arising under Title VII

of the Civil Rights Act of 1964, as amended. Appellant sued individually and in her representative capacity for the class of past, present, and prospective black and female employees of the appellee Bank.

On June 24, 1976, the Bank filed a motion for a determination as to whether the class action should be maintained. On October 8, 1976, the Bank filed a motion for summary judgment. The appellant filed her replies to these motions on October 15. A hearing was held on October 18 to determine if a class action were appropriate and also to rule on the Bank's motion for summary judgment.

At the start of the hearing most of the testimony went to the issue of whether the suit could be brought as a class action. The judge ruled that a class action would not be appropriate. This ruling is not contested on appeal.

After disposing of the class action question, the Court directed the attorneys to focus on the summary judgment issue. In addressing himself to the summary judgment question, appellee's attorney paraphrased and quoted from a deposition of Ms. Hayden taken on September 6, 1976, in which she testified that she had no written documentation to support the discrimination claim nor specific acts of discrimination to report.

Appellant's attorney responded by enumerating specific points which she considered in contention concerning Ms. Hayden's discharge and which the attorney claimed were indications of discrimination on the part of the Bank: (1) the reason Ms. Hayden's supervisor requested that she stop answering the phone; (2) the reason Ms. Hayden was singled out for discharge because of filing errors; (3) the disparity in the percentage of blacks hired by the Bank in comparison to the percentage of blacks in the county; (4) the employment data which indicated that blacks and women were put in lower-paid positions in the Bank; (5) appellant's assertion that although she applied for a secretarial position, she was assigned to bookkeeping, and that later when secretarial positions opened up none was offered to her.

Following these remarks by appellant's attorney, the Judge asked the attorney if she would like to interrogate the witness regarding the motion for summary judgment. The attorney did so, as she had done earlier concerning the class action issue. Appellant's attorney questioned Ms. Hayden about the reasons for claiming that her discharge was discriminatory. She explained that among her duties when she first worked at the Bank was answering the telephone. She was later told by Mr. Steens, her supervisor, to stop answering the phone. She claims this action was not taken because of any complaints about her but because her employer did not want a black person answering the phone.

The Bank asserted in its pleadings that Ms. Hayden was terminated because of numerous errors she made in filing checks, her other duty in the bookkeeping department. She testified that there was no way for her supervisor to determine that it was she alone who made the filing mistakes because the employees did not always file only the numerical grouping of checks assigned to them.

After this testimony, the Bank's attorney called to the stand James Steen, a cashier at the Bank who was in charge of the bookkeeping department when Ms. Hayden worked there. He testified that Ms. Hayden was fired because of excessive errors which she made in filing checks. He stated that most of the errors which occurred involved checks which she was assigned to file. He also said that he discussed the filing problem with appellant about a month before she was terminated. Additionally, he said that he instructed her to stop answering the phone because she was not sufficiently knowledgeable of the bookkeeping department to give out correct information. Steen asserted that neither her race nor her sex, but instead her unsatisfactory job performance, brought about Ms. Hayden's discharge. He admitted on cross-examination that he could not be absolutely positive who filed what checks on a given day, and he also admitted that he had no

customer complaints about appellant's answering the telephone.

Next John Tolbert, a Vice President and Trust Officer of the Bank who was in charge of hiring, was called to the stand. He testified that although Ms. Hayden put on her application that she was an automation secretary, he did not take this necessarily to mean that she was applying for a secretarial position, and that at the time she applied, no such position was open. He said that they offered her the job in bookkeeping, and she took it with no complaints then or later. On cross examination he could not definitely state whether or not others had been hired for secretarial positions shortly after appellant's discharge.

After this testimony and a brief discussion, the District Judge made the following ruling from the bench:

> It is obvious from the evidence that the Court has heard that there is no discrimination against the plaintiff in this case on the basis of race or sex. In fact, the Court feels that it is rather a trivial and insignificant claim that is being made. The Court is surprised that the suit was filed in the court, but, of course, parties have a right to file suits.

> So the Court will grant the Motion for Summary Judgment on the part of the defendant. . . .

> The Court further finds that the testimony of the plaintiff is not credible.

In his written order granting the Bank's motion for summary judgment, the Judge pointed out that on a motion for summary judgment the movant must show the absence of a genuine issue of material fact, viewing the record in the light most favorable to the nonmovant, and that the plaintiff in a Title VII dispute who is confronted with a motion for summary judgment must be given an opportunity to present a full factual presentation of the merits of his complaint. The Judge then gave the following explanation of his order:

> In the instant case, the limitations on the Court's time during the special term in which the matter was heard required that the Court delve into the merits of the dispute at the time of the hearing on October 18, 1976. Thus, in addition to hearing arguments of counsel and examining the affidavits, answers to interrogatories, and other pleadings on file, the Court heard the testimony of witnesses with knowledge of the circumstances surrounding the Plaintiff's employment with the Defendant, including the testimony of the Plaintiff herself. For this reason, the Court feels that the Plaintiff was given an adequate opportunity to present a factual presentation of her cause of action, and that further hearing would only be repetitious.

> In regard to the merits of the Defendant's Motion, the Court finds that the Plaintiff has failed to establish the existence of any material fact which would give rise to a cause of action based on employment discrimination. The testimony and record indicate that the Plaintiff's discharge was related to the serious question of her past performance of her job duties rather than any motive based on racial or sexual discrimination. The Court additionally noted for the record at the close of the hearing that the Plaintiff's testimony offered for the purpose of establishing the existence of discrimination was not credible. In addition, the proffered statistical evidence of the Plaintiff is inconclusive.

We turn next to the teachings of *Gross v. Southern Railroad Co.*, 5 Cir. 1969, 414 F.2d 292:

> It is also well settled that in considering a motion for summary judgment, the court has no duty or function to try or decide factual issues. Its only duty is to determine whether or not there is an issue of fact to be tried. *Chappell v. Goltsman*, 5 Cir. 1950, 186 F.2d 215, 218; and *Slagle v. United States*, 5 Cir. 1956, 228 F.2d 673, 678. Furthermore, all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed. 176 (1962). Also, all doubt as to the existence of a

genuine issue of material fact must be resolved against the party moving for summary judgment. *Hawkins v. Frick-Reid Supply Corp.*, 5 Cir. 1946, 154 F.2d 88, 89–90. In passing on such a motion, the court should not assess the probative value of any of the evidence. *Id.* at 297. *See also, Cook v. Bristol Steel and Iron Works*, 5 Cir. 1978, 582 F.2d 22, 23; *Northwest Power Products, Inc. v. Omark Industries*, 5 Cir. 1978, 576 F.2d 83, 85, rehearing denied, 579 F.2d 643; *Southern Distributing Co., Inc. v. Southdown, Inc.*, 5 Cir. 1978, 574 F.2d 824, 826.

Additionally, we have noted that "[i]n making its determination, the court may not weigh conflicting affidavits to resolve disputed fact issues." *Farbwerke Hoescht A. G. v. M/V "Don Nicky"*, 5 Cir. 1979, 589 F.2d 795, 798. One who moves for summary judgment is not entitled to a judgment "merely because the facts he offers appear more plausible than those tendered in opposition, or because it appears that the adversary is unlikely to prevail at trial." 10 Wright and Miller, Federal Practice and Procedure § 2725.

When dealing with employment discrimination cases, which usually necessarily involve examining motive and intent, as in other cases which involve delving into the state of mind of a party,[1] granting of summary judgment is especially questionable. In these cases "summary judgment should be used cautiously and all procedural requirements given strict adherence . . ." *Lavin v. Illinois High School Association*, 7 Cir. 1975, 527 F.2d 58, 61. "[O]rdinarily summary disposition of Title VII cases is not favored, especially on a 'potentially inadequate factual presentation'." *Logan v. General Fireproofing Co.*, 4 Cir. 1971, 521 F.2d 881, 883, quoting *Williams v. Howard Johnson's Inc. of Washington*, 4 Cir. 1963, 323 F.2d 102, 105.

We must note that:

Rule 43(e), which authorizes the use of oral testimony on motions, has been held to be applicable to motions for summary judgment, even though Rule 56 is silent on the point. In spite of its obvious advantages, the court should use oral testimony on a summary judgment motion sparingly and with great care. The purpose of summary judgment—providing a speedy adjudication in cases that present no genuine issue of material fact—would be compromised if the hearing permitted by Rule 43(e) and Rule 56(c) became a preliminary trial. Furthermore, oral testimony might come as a surprise to the other litigants and therefore they might not have had an opportunity to prepare themselves to rebut that type of evidence. This is particularly undesirable when it is the party opposing the motion who is put at a disadvantage by the interposition of oral evidence. [footnotes omitted].

10 Wright and Miller, Federal Practice and Procedure, § 2723. *See also, Georgia Southern and F. Ry. Co. v. Atlantic Coast Line R. Co.*, 5 Cir. 1967, 373 F.2d 493, 497, *cert. denied*, 389 U.S. 851, 88 S.Ct. 69, 19 L.Ed.2d 120 (motion to dismiss treated as a motion for summary judgment: court held that it was abuse of discretion to grant summary judgment without proper notice of how oral testimony and affidavits taken at hearing would be used).

Resolving all doubt as to the existence of a genuine issue of material fact against the Bank and drawing all inferences in favor of appellant Hayden, we find that there were genuine issues of material fact as to whether appellant's discharge was the product of discrimination on the basis of race and/or sex which could not be resolved in the manner undertaken here.

That being so, we must reverse the grant of summary judgment and remand for further proceedings.

REVERSED and REMANDED.

---

1. *See e. g., Irwin v. United States*, 5 Cir. 1977, 558 F.2d 249, in which taxpayer made a motion for summary judgment in suit for refund of taxes paid under protest. Because the question as to taxpayer's state of mind remained in dispute, *summary judgment was inappropriate.*