**Graydon R. BOLES, Plaintiff,**

v.

**Michael T. GIBBONS, Defendant.**

**No. 88-691-CIV-T-17.**

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 7, 1988.

Graydon Roger Boles, Tampa, Fla., pro se.

Debra A. King, Associate Gen. Counsel, Tampa, Fla., for defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's motion for summary judgment, and Plaintiff's response thereto.

Defendant Michael T. Gibbons, is an Assistant Professor of Political Science at the University of South Florida. The University of South Florida is an institution of the State of Florida. Plaintiff Graydon R. Boles is a former University of South Florida student who was enrolled in the Introduction to Political Theory course taught by Professor Gibbons in Spring Term 1988, and complains of the reading assignment for the course.

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine

issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994, 996–7 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.,* 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986),

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. [477 U.S. at 322, 106 S.Ct. at 2552–53, 91 L.Ed.2d] at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.,* 477 U.S. at p. 324, 106 S.Ct. at p. 2553, 91 L.Ed.2d at p. 274. The Court is satisfied that no factual dispute remains which precludes summary judgment.

Defendant has argued that the State of Florida is the real party in interest against whom this suit is brought, and Plaintiff's claim that he was unlawfully required to read profane language as part of the course and request for damages against an individually named government employee are barred by the Eleventh Amendment of the United States Constitution.

The Eleventh Amendment of the United States Constitution provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States citizens of another state, or by citizens or subjects of any foreign state.

Absent waiver, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court. *Edelman v. Jordan,* 415 U.S. 651,

94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Additionally, the jurisdictional bar of the Eleventh Amendment applies in cases where a citizen of a state sue his or her own state. *Gamble v. Florida Department of Health and Rehabilitative Services,* 779 F.2d 1509, 1511 (11th Cir.1986). Further, even though a suit is brought against an individually named state employee, where the state is the real party in interest, the Eleventh Amendment works to bar the lawsuit for damages. *Edelman v. Jordan, supra,* at 680, 681, 94 S.Ct. at 1364–65; *Gamble v. Florida Department of Health and Rehabilitative Services, supra,* at 1511–1513; *Brown v. Board of Regents of the University of Nebraska,* 640 F.Supp. 674, 682 (D.C.Neb.1986). The Eleventh Amendment has consistently been held applicable in cases involving state universities, *See, Kashani v. Purdue University,* 813 F.2d 843 (7th Cir.1987) and has, in fact, been held applicable to the University of South Florida in *Cardinal Industries v. Anderson Parrish Associates, Inc.,* No. 83–1038–Civ–T–13, slip op. (M.D.Fla.1985), aff'd No. 86–3554, (11th Cir.1987), where the Court found USF to be an arm of the state and granted summary judgment.

According to the University's President, Professor Gibbons was acting within the course and scope of his employment with USF in his assignment of texts in the Introduction to Political Theory course. Further, the University's promise to indemnify Professor Gibbons not only ratifies his actions, but also further supports a finding that his actions were within the scope of employment. *Cardinal Industries v. Anderson Parrish Associates, Inc., supra,* at 4. Accordingly, it is

ORDERED that Defendant's motion for summary judgment is granted; it is further

ORDERED that the Clerk of District Court is directed to enter a final judgment dismissing this case with prejudice, reserving jurisdiction for the entry of an order on attorney's fees.