Joyce **NEWMAN**, Plaintiff,

v.

The **GEHL CORPORATION**, Defendant.

**No. 89–300–CIV–T–17(B).**

United States District Court, M.D. Florida, Tampa Division.

March 5, 1990.

Charleen C. Ramus, Mark F. Kelly, Kelly & McKee, P.A., Tampa, Fla., for plaintiff.

Bruce W. Jolly, Shailer, Purdy & Jolly, P.A., Ft. Lauderdale, Fla., for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

The cause is before the Court on Defendant's motion for partial summary judgment, filed November 27, 1989; response thereto, filed December 8, 1989; Defendant's motion for oral argument, filed December 21, 1989; and court-ordered joint memorandum of law, filed January 25, 1990.

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–7 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986),

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.,*

at p. 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274.

In the amended complaint Plaintiff states as her causes of action: 1) sex discrimination; 2) violation of the equal pay act; 3) assault; and 4) violation of § 772.103, Fla. Stat. Defendant seeks summary judgment on Counts III and IV of the amended complaint. The amended complaint alleges, in regard to these two (2) counts that:

1. Plaintiff was terminated from employment in October, 1988. On or about this time, plaintiff was threatened with bodily harm by defendant's agent, Les Minard III, "Spike," if she were to "cause any trouble" for the company after being fired. Dave Falcone, another agent of defendant's threatened Plaintiff that the defendant would make life miserable for her if she filed a lawsuit against defendant. Mr. Minard and Mr. Falcone were acting within the course and scope of their employment when they made such comments.

2. After plaintiff's last day of work, she was harassed by defendant's agents, all acting within the course and scope of their employment, with threatening telephone calls that she could be harmed with bodily injury if she pressed on with a lawsuit regarding a sex discrimination claim and with prowlers outside of her home in the evening hours who shook her mobile home and slammed the screen door, all in defendant's attempt to block plaintiff's lawsuit.

3. Defendant's agents, acting within the course and scope of their employment, violated subsection (3) of Fla.Stat. 772.-103 in that Les Minard III, Dave Falcone, and other unknown agents of defendant's conducted and participated directly in the defendant corporation through a pattern of criminal activity in that on several occasions they threatened her with bodily harm and threatened to cause trouble for her if she filed a lawsuit regarding a sex discrimination claim.

In the court-ordered joint memorandum, the parties agree that, for the purposes of the motion only, the following events oc-

curred after Plaintiff left her employment with Defendant:

a. Plaintiff received a telephone call while at work from an unidentified caller who stated that she should watch her back before she crossed the street and that she didn't know who she was dealing with.

b. Plaintiff received several telephone calls immediately after her last day of work at defendant's wherein on one occasion, someone stated "back off bitch" and on other occasions, breathed heavily for long periods of time.

c. Someone threw a baseball or other object at plaintiff's home at night, shortly after an employee of defendant's left her home, which knocked off her outside lights.

d. Plaintiff and Dave Falcone had a discussion wherein he asked plaintiff whether she thought defendant had anything to do with the above-described incidents.

e. Someone slammed plaintiff's screen door on her home in the middle of the night.

f. On several occasions someone prowled around plaintiff's home in the middle of the night.

g. Someone shook plaintiff's mobile home in the middle of the night.

h. After these incidents, Plaintiff kept a loaded gun in her home; installed a street lamp in her yard; and was in fear of immediate harm from these incidents.

The parties also agree that the following "fact" are undisputed and relevant to the issues of the motion for summary judgment:

1. Plaintiff was not afraid of or in fear of harm by Les Minard at the time (September 23, 1988) he stated to her:

... that anyone, (and he stressed anyone three times very loudly) that was fired from [defendant] and thinks they're going to open their big mouth and say or do anything against [the defendant] had better think twice because all I have to do is make a phone call and that person would be taken care of."

2. Plaintiff was not afraid of or in fear of Dave Falcone at the time (approximately October 18, 1988) he stated to her that the defendant was not going to make it easy for her if she filed a sex discrimination suit against them.

3. Plaintiff had never received telephone calls or experienced similar harassing incidents prior to her departure from Defendant's employment.

4. Plaintiff has not experienced any similar incidents since an alleged conversation with Joe Gehl, President of the corporation. Plaintiff alleges that Mr. Gehl told plaintiff that he would see to it that she would not be threatened anymore.

*Discussion*

The parties agree that state substantive law is applicable to the claim for assault and that under state law assault is defined as "an intentional unlawful offer of corporal injury to another by force, or force unlawfully directed toward the person of another, under such circumstances as to create a fear of imminent peril, coupled with the apparent present ability to effectuate the attempt."

The only "intentional offer" which Plaintiff asserts is the conversation with Mr. Minard and Mr. Falcone. The incident concerning Mr. Falcone in no way meets the requirements for establishing assault. There was no offer of corporal injury. Falcone merely said, by Plaintiff's own report, that if she were to file a sex discrimination action, the company would not make it easy for her. Plaintiff herself admitted that she suffered no fear of imminent peril from Mr. Falcone.

The other incident with Mr. Minard occurred while Plaintiff and he were having several drinks in a lounge. Allegedly Mr. Minard said that anyone who might do anything against the company should think twice because he could make a phone call and the person would be "taken care of." Plaintiff herself admitted Mr. Minard's statement engendered no fear in her. In fact she reported that later that same evening she and Mr. Minard "were carrying on in the seat of the car" and that they had been "affectionate" toward each other in the car. Neither incident constitutes as-

sault alone, if there was a threat of injury, explicit or implicit, in either statement, there was obviously, by Plaintiff's own admission, no creation of fear of imminent peril coupled with the present ability to effectuate the attempt.

The later "incidents" described by Plaintiff are attributed to unidentified person or persons. Plaintiff asserts that a genuine issue of fact exists as to whether or not the actions should be attributed to Defendant, based on the alleged call to Mr. Gehl, wherein he told her she would not be threatened anymore, and, the subsequent alleged cessation of the allegedly threatening incidents after that call. Certainly if the incidents attributed to unidentified persons would otherwise constitute assault the finder of fact should be the one to resolve the factual question of whether the actions are attributable to Defendant.

The Court, upon due consideration, cannot find that the incidents alleged would otherwise constitute assault; taken as a whole they might be considered a pattern of harassment against Plaintiff. The individual incidents each lack one of the necessary elements. Mere words or threats are not assault; they must be accompanied by acts or circumstances to put one in reasonable apprehension of *imminent* harmful or offensive contact to the person. *Lay v. Kremer*, 411 So.2d 1347 (Fla. 1st D.C.A. 1982). The Court concludes that the motion for summary judgment as to Count III is well-taken and should be granted.

Count IV of the amended complaint is based on alleged violation of Ch. 772, Fla. Stat. The violation is premised on participating in an enterprise, defendant corporation, through a pattern of criminal activity, in this case allegedly assault and extortion. The Court, having already found no cause of action for assault exists, finds no cause of action for extortion pled or supported and, therefore, concludes summary judgment as to Count IV must also be granted. Accordingly, it is

ORDERED that Defendant's motion for oral argument be denied; Defendant's motion for partial summary judgment be granted and Counts III and IV of the amended complaint be dismissed from the cause of action, with prejudice.

DONE and ORDERED.