Raymond BURNETTE, Plaintiff,

v.

Michael CIOLINO, Lee County, a political subdivision of the State of Florida, and Sheriff Frank N. Wanicka, Defendants.

No. 88–114–CIV–FTM–17(B).

United States District Court,
M.D. Florida,
Fort Myers Division.

Nov. 19, 1990.

See also, 750 F.Supp. 1562.

Kent Harrison Robbins, Miami Beach, Fla., for plaintiff.

Patrick E. Geraghty, Henderson, Franklin, Starnes & Holt, Fort Myers, Fla., for defendants.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the court on the motion for summary judgment of Defendant Michael Ciolino, and Plaintiff's response thereto.

Plaintiff claims that he was deprived of his civil rights pursuant to 42 U.S.C. § 1983 when he was shot by a deputy sheriff of the Lee County Sheriff Office during an investigatory stop by the deputy.

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–97 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, (1986),

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden or proof at trial. *Id.* 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at p. 274.

The Court is satisfied that factual disputes remain with respect to Count I of the Plaintiff's complaint.

## STATEMENT OF FACTS

On August 14, 1986, Plaintiff Raymond Burnette, while in Lee County, decided to ride in a vehicle with two acquaintances to drink at some bars in the direction or vicinity of LaBelle, Florida. All three of the persons sat in the front seat of the vehicle, and Plaintiff was not driving. There was a shotgun and an encased machete in the rear passenger area of the vehicle.

Defendant Michael Ciolino, a Deputy Sheriff with the Lee County Sheriff's Office, observed that this car was speeding and that one headlight was burned out. Deputy Ciolino then turned on his vehicle's flashing blue lights and proceeded to pursue the other vehicle, which then increased its speed and extinguished its lights. The other vehicle eventually stopped in a ditch off the road, and apparently one of the persons in the car ran off into the nearby woods, and the remaining two individuals, one of whom was the Plaintiff, exited the vehicle.

When Deputy Ciolino arrived, the two men were approaching the patrol car. Defendants claim that the men refused to cooperate with the deputy's instructions and were verbally abusing him. They also state, as does the Plaintiff, that the two men were calling into the woods to a third person. Deputy Ciolino states that he then approached the vehicle and saw a shotgun or rifle on the floor of the vehicle between the driver's seat and the open driver's door.

It is disputed in this case as to exactly when the deputy drew his revolver and when he placed his finger on the trigger. Plaintiff claims that Ciolino exited his patrol car with his revolver already drawn, and then pointed the gun at the Plaintiff. Defendants state that it was not until the deputy saw the rifle in the car that he pointed the gun at Plaintiff and put his finger on the trigger.

Ciolino then instructed the Plaintiff and the other man to walk to the back of the suspect vehicle and to place their hands on the trunk lid of the vehicle. The two men complied with Ciolino's instructions and placed their hands on the trunk of the vehicle. It was then that Ciolino, while standing behind the door of his patrol car, with his pistol aimed in the direction of Plaintiff and the other suspect, decided to reach for his radio to call for backup support.

At that precise moment Plaintiff made a sudden movement, and Ciolino fired his pis-

tol, shooting Plaintiff in the leg. The extent of the movement the Plaintiff made is subject to dispute in this case. Plaintiff alleges that he merely watched Ciolino radio for backup and that his hands never left the lid of the trunk. Defendants state that Plaintiff made a sudden turn toward Ciolino, and that was the reason he discharged his pistol.

Plaintiff claims that as a direct and proximate result of the acts and omissions of Ciolino, he has suffered severe and permanent bodily injuries, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of the ability to earn money. Plaintiff alleges that ultimately he was deprived of his physical liberty, in violation of 42 U.S.C. § 1983, and is entitled to damages.

Defendant Ciolino claims that the use of deadly force under these circumstances was completely justified, and was there not an excessive use of force nor an unreasonable seizure of Plaintiff's person. He states that the discharge was "accidental", "instinctive", "not planned", "reflexive", and that at most the discharge would have been simple negligence, which is not actionable under § 1983.

In Count I of the amended complaint, Plaintiff sues Deputy Sheriff Michael Ciolino for violation of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983. Count I alleges that police officer Ciolino violated the constitutional rights of Plaintiff when he shot Plaintiff with his service revolver, that excessive force was used, that the person of Plaintiff was unreasonably seized, and that as a consequence of the excessive force and unreasonable seizure, Plaintiff suffered injuries.

Section 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The Supreme Court of the United States has made clear that *all* claims that law enforcement officers have used excessive force-deadly or not-in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach. Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of "substantive due process" must be the guide for analyzing these claims. *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

That Court also stated that the Fourth Amendment "reasonableness" inquiry is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, and its calculus must embody an allowance for the fact that police officers are often forced to make split-second decisions about the amount of force necessary in a particular situation. *Graham*, 490 U.S. at —, 109 S.Ct. at 1871, 104 L.Ed.2d at 455.

Consistent with the *Graham* framework, the Court finds that whether Deputy Ciolino was justified in using deadly force, during the investigatory stop of the vehicle in which the Plaintiff was riding, must be examined based on all the facts and circumstances of this particular case. Since there exist factual disputes as to when and why Deputy Ciolino drew his revolver, and when he actually placed his finger on the trigger,

and whether he was even justified in having his revolver drawn, the Court finds that summary judgment for Defendant Ciolino is inappropriate. Accordingly, it is

ORDERED that Defendant's motion for summary judgment be denied.

DONE and ORDERED.