Ovidio MORENO, Plaintiff,

v.

Peter N. MACALUSO, et al., Defendants.

No. 92–1728–CIV–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

March 29, 1993.

Ovidio Moreno, pro se.

Peter N. Macaluso, pro se.

Seymour L. Honig, Walter Dale Gabbard, Guito & Gabbard, Michael John Echevarria, Law Office of Michael J. Echevarria, Daniel F. Martinez, II, Gonzalez & Martinez, P.A., William Patrick Ayers, Mark A. Brown, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, FL, Enrique Nassar–Risek, Law Office of Enrique Nassar–Risek, Hato Rey, PR, Alan Francis Gonzalez, Gonzalez & Scaglione, Michael Sierra, Tampa, FL, Lorence Jon Bielby, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Tallahassee, FL, for defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant Commonwealth Land Title Insurance Co.'s ("Commonwealth") motion for summary judgment, filed November 22, 1991, and Plaintiff's response thereto, filed November 30, 1992. This action was originally filed in the United States District Court for the District of Puerto Rico. Pursuant to 28 U.S.C. § 1404(a) venue was transferred to this Court on October 21, 1992. The motion is considered pursuant to Rule 56(c), Fed. R.Civ.P.

The uncontested facts are that Plaintiff purchased certain real estate property ("property") on March 16, 1989, located in Hillsborough County, Florida. Plaintiff received a Warranty Deed which was recorded in the Public Records of Hillsborough County on March 31, 1989. Plaintiff, joined by his wife, mortgaged the property in favor of Defendant, Melvin Bermudez, also on March 16, 1989. On March 18, 1989, Plaintiff, joined by his wife, executed a quit claim deed, for the property, in favor of Bermudez.

Uncontested facts also establish that Commonwealth issued a title insurance policy on the date of recording, March 31, 1989, which insured Plaintiff against loss or damage up to the amount of the policy.

Plaintiff alleges that Mr. Bermudez took forced possession of, and has continued to retain the property. Plaintiff contends that Commonwealth should pay him for the loss of the property in the amount of the policy.

This Court has reviewed the Warranty Deed of March 16, 1989, the Mortgage of March 16, 1989, The Quit Claim Deed of March 18, 1989 and the Title Insurance Policy of March 31, 1989. The Title Insurance Policy insures the Plaintiff "against loss or damage.... sustained or incurred by the insured by reason of: 1. Title to the estate or interest; 2. Any defect in or lien or encumbrance on such title; 3. Lack of a right of access to and from the land; or 4. Unmarketability of such title...." The policy, however, includes in bold capital letters at the very beginning the words, "SUBJECT

TO THE EXCLUSIONS FROM COVERAGE...." Under the section entitled "EXCLUSIONS FROM COVERAGE," it states, "The following matters are expressly excluded from the coverage of this policy: .... 3. Defects, liens or encumbrances, adverse claims, or other matters (a) created, suffered, assumed or agreed to by the insured claimant; (b) not known to the Company and not shown by the public records but known to the insured claimant either at Date of Policy or at the date such claimant acquired an estate or interest insured by this policy and not disclosed in writing by the insured claimant to the Company prior to the date such insured claimant became insured hereunder...."

The policy also states in Schedule B, "This policy does not insure against loss or damage by reason of the following exceptions: .... 7. Mortgage executed by OVIDIO A. MORENO, joined by his wife, dated March 16, 1989 and recorded March 31, 1989...."

The disputes between Plaintiff and Mr. Bermudez concern, (1) who has legal title, and (2) whether Mr. Bermudez was entitled to take possession of the property? The events and documents which give rise to the question of legal title clearly occurred outside the scope of the title insurance policy. The mortgage was specifically excepted. The quit claim deed was known to the insured at date of policy, but there has been no proof that the insured disclosed its existence to the Company as required by the policy.

The question of legal possession is an issue between Plaintiff and Defendant Bermudez. Possession of the property is not covered under the title insurance policy.

Summary judgment should only be entered when the moving party has sustained it's burden of showing the absence of a genuine issue of material fact when all the evidence is viewed in a light most favorable to the non-moving party. *Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994, 996–97 (5th Cir. 1979), quoting *Gross v. Southern Railroad Co.,* 414 F.2d 292 (5th Cir.1969).

The Supreme Court of the United States held in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

In our view the plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Id.* 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

Rule 56(c) requires that the non-moving party go beyond the pleadings to designate specific facts showing there is a genuine issue for trial. Thus, affidavits, depositions, answers to interrogatories and admissions on file are all relevant in determining whether a motion for summary judgment should be granted. *Id.* 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274.

Plaintiff, in its response to Commonwealth's motion for summary judgment, argues that the mortgage document does not prove that Defendant Bermudez paid the mortgage proceeds to Plaintiff. Plaintiff, also challenges the quit claim deed for lack of consideration. These and the other averments in Plaintiff's response, with the exception of Paragraph 5, are totally irrelevant to this motion for summary judgment. Paragraph 5 contends that Plaintiff is covered under the policy by reason of lack of right to access to and from the land and unmarketability of title. These are both issues which only become applicable when there is no question as to who holds legal title to the land. Therefore, they are not relevant here. Plaintiff has failed to show that there is a single genuine issue of material fact which would preclude this court from finding for Commonwealth as a matter of law. Accordingly it is

**ORDERED** that Defendant Commonwealth's motion for summary judgment be **granted** and the Clerk of the Court **shall** enter judgment for Defendant Commonwealth and against Plaintiff.

**DONE AND ORDERED.**