**CENTRAL BANK OF TAMPA, a State Chartered Banking Institution, Plaintiff,**

v.

**UNITED STATES OF AMERICA; America Cruising Yacht Corporation; Ted Irwin; Irwin Yacht and Marine Corporation; Kirk Whalen; John Swisher, Defendants.**

No. 92–1389–CIV–T–17B.

United States District Court, M.D. Florida, Tampa Division.

Feb. 28, 1994.

Paul Gerard McDuffee, II, Law Offices of Paul G. McDuffee, II, Tampa, FL, for plaintiff Cent. Bank of Tampa, a State Chartered Banking Institution.

Michael A. Cauley, U.S. Attys. Office, M.D.Fla., Tampa, FL, David N. Geier, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant U.S.

Dennis Jay LeVine, Cramer, Haber, McDonald & LeVine, P.A., Tampa, FL, for defendant America Cruising Yacht Corp.

John Edwin Swisher, Dillinger & Swisher, P.A., St. Petersburgh, FL, for defendants Ted Irwin and Irwin Yacht & Marine.

Robert Casassa, Langford, Hill, Mitchell, Trybus & Whalen, P.A., Tampa, FL, for defendant Kirk Whalen.

John Edwin Swisher, pro se.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant United States' Motion for Summary Judgment (Docket No. 31) and response thereto, filed by Ted Irwin and Irwin Yacht and Marine Corporation on December 10, 1993. The present action for interpleader, which commenced in state court, was removed to this Court by Defendant, United States, pursuant to 28 U.S.C. § 1444.

■ Federal Rule of Civil Procedure 56(c) provides that the trial judge shall grant summary judgment if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994, 996–997 (5th Cir.1979), *quoting Gross v. Southern Railroad Co.,* 414 F.2d 292 (5th Cir.1969).

■ The Supreme Court of the United States held, in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* 477 U.S. at 322, 106 S.Ct. 2552.

The Supreme Court also stated that Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to inter-

rogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. The substantive evidentiary standard of proof that would apply at the trial on the merits is applied to the nonmoving party in establishing the existence of a genuine issue of material fact in response to a summary judgment. *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512.

*FACTS:*

The background to this case has been set forth by this Court, in detail, in the Order on Motion for Summary Judgment Filed by Ted Irwin, Irwin Yacht and Marine Corporation and John Swisher (Docket No. 28), dated October 6, 1993. The following facts are significant in deciding this Motion for Summary Judgment.

The case of *Ted Irwin and Irwin Yacht and Marine Corporation v. America Cruising Yacht Corporation,* Case No. 92–272–17 was filed on January 14, 1992 in the Sixth Judicial Circuit in and for Pinellas County, Florida. On September 30, 1991 and December 31, 1991, prior to the initiation of the action in state court, a duly authorized delegate of the Secretary of the Treasury assessed federal income taxes against Defendant, America Cruising Yacht Corporation in the amount of $38,530.76 and $40,589.76, respectively. On February 24, 1992, America Cruising Yacht Corporation filed a Motion to Deposit Money into the Registry of Court in state court for monies due under the lease ($18,000.00 per month) and royalty agreements which were the subject of the original complaint.

Upon oral motion of America Cruising Yacht Corporation an Order was entered on April 1, 1992 releasing one of the vessels but requiring counsel for the Defendant, Kirk Whalen, to hold approximately $52,000 in cashier's checks made payable to Ted Irwin until further notice of the state court. On April 9, 1992, Kirk Whalen, counsel for Defendant America Cruising Yacht Corporation received a Notice of Levy from the Department of the Treasury Internal Revenue Service naming America Cruising Yacht Corporation as the taxpayer. A Notice of Federal Tax Lien outlining those tax liabilities was filed in the public records for Pinellas County, Florida, on August 7, 1992.

On April 17, 1992, Defendant, Kirk Whalen, filed in state court a Motion to Release Funds to the Internal Revenue Service. Then on April 21, 1992 the state court ordered the said funds in the amount of approximately $52,000 to be deposited by Defendant, Kirk Whalen, into a joint account with Defendant, John Swisher, counsel for Ted Irwin and Irwin Yacht and Marine Corporation. On July 16, 1992 a Notice of Levy was delivered to the Central Bank of Tampa. The state court denied the Motion to Release Funds to the Internal Revenue Service on July 23, 1992.

On September 24, 1992, Notice of Removal was filed by the United States of America pursuant to 28 U.S.C. § 1444. Also on September 24, 1992, Plaintiff, Central Bank of Tampa, filed the Complaint in Interpleader, pursuant to Florida Rules of Civil Procedure 1.240, due to the competing claims to the funds deposited with the bank. On September 29, the Order on Removal was granted. On October 21, 1992, a Final Judgment was entered in state court ordering the money held pursuant to the Court Order dated April 1, 1992 and later deposited pursuant to the Court Order dated April 21, 1992 to be released to Ted Irwin and Irwin Yacht and Marine Corporation in that the funds had not belonged to America Cruising Yacht Corporation at the time of the Levy claimed by the Internal Revenue Service.

On January 5, 1993, the Defendants, Ted Irwin, Irwin Yacht and Marine Corporation, and John Swisher moved this Court for the entry of a Final Summary Judgment in their favor pursuant to Rule 56 of the Federal Rules of Civil Procedure, on the grounds that there were no material disputed facts. The Order on the Motion for Summary Judgment filed by Ted Irwin, Irwin Yacht and Marine Corporation, and John Swisher was denied on October 6, 1992. Although this Court found no genuine issues regarding material facts, the Motion for Summary Judgment was denied as a matter of law on October 6, 1993.

On November 23, 1993, Defendant, United States of America, filed this Motion for Summary Judgment and relied heavily upon the findings of this Court in the October 6, 1993 denial of the January 5, 1993 Motion for Summary Judgment.

*DISCUSSION:*

The Defendants', Ted Irwin and Irwin Yacht and Marine Corporation, Response to Motion for Summary Judgment is exactly the same as their previously filed Motion for Summary Judgment dated January 5, 1993 and denied on October 6, 1993. The only difference is the "Issue to be Decided." The new issue in the Response to Motion for Summary Judgment filed by Defendants, Ted Irwin and Irwin Yacht and Marine Corporation, states:

> Did the government waive its right to the funds deposited into CENTRAL BANK OF TAMPA on June 4, 1992, pursuant to a Court order entered April 21, 1992, when it had been made aware of the funds but nevertheless allowed the Defendants, TED IRWIN, IRWIN YACHT AND MARINE CORPORATION, to relinquish their landlord lien after relying on the funds being made available to satisfy, in part, the debt owed by AMERICA CRUISING YACHT CORPORATION to TED IRWIN and IRWIN YACHT AND MARINE CORPORATION? In answering this question the Court must keep in mind that all monies due the government were for unpaid taxes between September 30, 1991, and March 31, 1992, which dates predate the Court Order authorizing the deposit of the previously tendered funds. Response, p. 5.

The Defendant, Ted Irwin and Irwin Yacht and Marine Corporation, did not provide any facts or case law in support of their position for waiver by the government, nor was this Court able to locate any.

In light of this Court's previous order on request for Summary Judgment, dated October 6, 1993, this Court has already decided that the federal tax lien was filed before Defendants, Ted Irwin and Irwin Yacht and Marine Corporation, became judgment lien creditors. In addition, Defendants, Ted Irwin and Irwin Yacht and Marine Corporation, had no security interest in the funds deposited into the joint interest bearing account.

Furthermore, this Court has already found that no genuine issues of material fact exist and denied the previous motion as a matter of law. This Court stated in the Order on Summary Judgment, dated October 6, 1993, that "the federal tax lien has priority not only over the judgment lien of Ted Irwin and Irwin Yacht and Marine Corporation, but also over any pre-judgment interest those parties obtained when the state court ordered the funds to be held." Order, p. 9.

Movant for the present Summary Judgment, United States of America, does point out that an additional issue remains pending with this Court regarding the award of attorney's fees and costs incurred by the Central Bank of Tampa in commencing this action. However, this issue has already been ruled on by this Court. In the Order on Plaintiff's Motion Requesting Order of Interpleader and Determination of Attorney's Fees and Costs, dated November 15, 1993, this Court denied the Plaintiff's request for the Court to reserve jurisdiction to award fees and costs. The Court explained that since the tax lien attached to the disputed funds prior to the initiation of the interpleader action, the federal tax lien had priority over the Plaintiff stakeholder's claim to attorneys' fees payable from the interpleaded funds.

The Court finds that there are no genuine issues regarding material facts. The Motion for Summary Judgment is therefore **granted.** Accordingly, it is

**ORDERED** that the Motion for Summary Judgment filed by Defendant, United States, be granted, and the Clerk of the Court **shall** enter judgment for Defendant, United States of America, consistent with this opinion.

**DONE** and **ORDERED.**