Mary Sue CLEMONS, Plaintiff,

v.

HARDEE COUNTY SCHOOL BOARD, Lee G. Burns, in his capacity as Superintendent of Schools and Lee G. Burns, individually, W. Frank Gibbs, in his capacity as Assistant Superintendent of Schools and W. Frank Gibbs, individually, Defendants.

No. 92–1248–Civ–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

April 4, 1994.

Mark Frederick Kelly, Kelly, McKee, Herdman & Ramus, P.A., Tampa, FL, for plaintiff.

Hank B. Campbell, Lane, Trohn, Clarke, Bertrand, Vreeland & Jacobsen, P.A., Lakeland, FL, for defendants.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court on Defendants' Motion for Summary Judgment, filed December 18, 1993 (Docket No. 39) and Plaintiffs' response thereto filed on January 12, 1994 (Docket No. 43).

Defendants' motion for summary judgment is brought pursuant to Rule 56(c), Fed.R.Civ. P., which provides in pertinent part: The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

■ This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue of material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). Only where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, is there no genuine issue for trial. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party without assessing the probative value of the evidence. *Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994, 996–97 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.,* 414 F.2d 292 (5th Cir.1969).

■ In *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273 (1986), the Supreme Court held that the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Mere conclusory allegations of discrimination, without more, are insufficient to defeat a motion for summary judgment. *Grigsby v. Reynolds Metals Co.,* 821 F.2d 590, 597 (11th Cir.1987).

### FACTS

#### I. Race Discrimination

Plaintiff has been employed by the Defendant School Board from August 1959 to the present. During her employment, Plaintiff has held various positions and is currently the Director of Chapter I District Programs. In Count I (Race Discrimination) of her complaint, Plaintiff alleges that from November 1988 to the present, the Defendant School Board, through the intentional acts of its Superintendent, Defendant Burns, and its Assistant Superintendent, Defendant Gibbs, has maintained a hostile and offensive work environment rendering her working conditions intolerable. Further, Plaintiff asserts these acts were motivated by racial animus against Plaintiff, the only black person among eight or ten white employees at her position level.

Plaintiff raised several incidents of discrimination in her complaint:

1. In July 1990, while Plaintiff was on vacation, Defendant Burns informed Plaintiff's secretary that several members of the District Staff would be moved. When Plaintiff returned to work, Defendant Burns re-

moved Plaintiff's office and personnel and told Plaintiff not to go to the office where her subordinates had been relocated.

2. In October 1990, Defendant Burns bypassed established procedure to resolve a complaint made by one of Plaintiff's subordinates. Contrary to established School Board policy, he directed mandatory meetings between Plaintiff and her subordinate, and Defendant Burns personally represented the subordinate at these meetings.

3. On June 10, 1991, Defendant Burns informed Plaintiff that she would be removed from her position and would be replaced by a white male. Defendant Burns informed Plaintiff that he was recommending her for a position which was equivalent to a demotion. This recommendation came without Plaintiff's input or consent. Plaintiff was given no reason for the action. No just cause existed to support them.

4. Defendant Burns bypassed Plaintiff and assigned all Chapter I personnel to the Assistant Superintendent, Gibbs. Plaintiff was thereby divested of all responsibility and authority over the program while at the same time being held responsible for the performance of this personnel. Plaintiff was refused communication and no explanation was given to her.

5. Defendant Burns gave Plaintiff unwarranted poor evaluations and subjected her to continuous harassment in an effort to eventually demote her.

6. Defendant Burns excluded Plaintiff from any meaningful participation in the amending of the basic and migrant programs.

7. Defendant Burns forced Plaintiff to work with persons she had not recommended for reemployment.

8. Plaintiff is the only director in the School District of Hardee County who is not allowed to evaluate, select, recommend or give any significant directions to personnel hired in the program which she oversees. Other directors, all white, interview, hire and supervise the persons who work in their programs.

9. Defendant Gibbs continually called Plaintiff in his office and harassed her. He made negative comments to Plaintiff because she had not recommended two of her subordinates for reemployment in her program. He reprimanded Plaintiff for not taking charge of the Chapter I programs even though he claimed to be in command of the program.

10. Defendant School Board, through the acts of its Superintendent, Defendant Burns, and its Assistant Superintendent, Defendant Gibbs, intentionally and deliberately discriminated against Plaintiff on the basis of race.

## II. Retaliation

In November 1988, Defendant Burns was elected to office of Superintendent of Schools for the Hardee County School District. In Count II of her complaint (Retaliation) Plaintiff alleges that following his election, Defendant Burns and his supporters publicly identified Plaintiff as having supported his opponent in the election and threatened her and other School Board employees who had not supported him.

Plaintiff cites several incidents in her complaint in support of the retaliation claim:

11. After Defendant Burns' election to office, Plaintiff assured him that she would continue to perform in the same exemplary fashion regardless of who was in office.

12. On September 12, 1991, Plaintiff filed a Charge of Discrimination with the EEOC alleging that the School Board had discriminated against her on the basis of race, age and sex.

13. After Plaintiff filed the complaint, Defendant School Board took various adverse employment actions against her. (The Court takes note that in support of this assertion, Plaintiff realleges the acts as set out in Count I of her complaint as retaliatory in nature and in response to her complaint filed with the EEOC. However, many of the acts alleged in Count I of Plaintiff's complaint occurred *before* she filed the claim with the EEOC. Therefore, these acts do not support her contention of retaliation. Nevertheless, there are additional acts alleged in Plaintiff's affidavit that the Court notes with regard to Plaintiff's claim of retaliation. The Court will consider the affidavits when ruling on a

motion for summary judgment. Rule 56(c), Fed.R.Civ.P.)

14. On April 30, 1992, Plaintiff, through counsel, wrote to defendants complaining about the alleged discriminatory acts (as described in paragraphs 1–10 above).

## DISCUSSION

### I. Prima Facie Case

■ On a motion for summary judgment in a race discrimination complaint, Plaintiff has the initial burden of establishing a prima facie case of discrimination. To meet her burden, Plaintiff may establish the elements of the analysis as set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under the four-pronged test, Plaintiff must prove that: (1) she was a member of a protected group, (2) an adverse employment action took place, (3) she and a similarly situated non-protected person received dissimilar treatment, and (4) sufficient evidence, either circumstantial or direct, exists to infer a nexus or causal connection between race and the disparate treatment.

■ Defendants claim that Plaintiff has failed to demonstrate an adverse employment action took place, that she and similarly situated non-protected persons received dissimilar treatment, and that a nexus or causal connection between race and the alleged disparate treatment exists. This Court disagrees. Plaintiff asserts that she was reassigned to a position, without her consent, given unwarranted poor evaluations, and subjected to continuous harassment. Further, Plaintiff alleges that she was given less authority than other directors in similarly situated positions. Lastly, to establish a nexus between race and the alleged disparate treatment, Plaintiff asserts the following facts: she was replaced by a white male and she is only black director. For the forgoing reasons, this Court holds that the actions Plaintiff alleges in her complaint and affidavit meet the threshold test as set out in *McDonnell.* This Court finds that Plaintiff has established a prima facie case.

■ There are various types of Title VII claims. Plaintiff here is alleging claims of disparate treatment and retaliation. A disparate treatment charge is one where an employee alleges less favorable treatment because of sex, race, etc. In a disparate treatment case, Plaintiff must prove discriminatory animus. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981). Plaintiff carries the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against her. Once a plaintiff meets this threshold of establishing a prima facie case of discrimination by a preponderance of the evidence, the burden shifts to the employer to produce credible evidence of a legitimate, nondiscriminatory reason for its adverse employment action. *Burdine,* 450 U.S. at 253, 101 S.Ct. at 1093. Nowhere in Defendants' motion is such a reason presented. Defendants, thus, fail to meet this burden.

Where the employer carries this burden and shows such nondiscriminatory reason, the burden once again shifts to Plaintiff to show by a preponderance of the evidence either that the offered reason is mere pretext and that a discriminatory reason more likely motivated the employer or by indirectly showing that the proffered explanation is unworthy of credence. *Burdine,* 450 U.S. at 256, 101 S.Ct. at 1095. As Defendants have failed to demonstrate a non-discriminatory purpose for the disparate treatment, Plaintiff need not address this issue. However, in her amended affidavit, Plaintiff offers the Secondary Schools Basic Skills Demonstration Assistance Program Grant awarded to her district as evidence of her exemplary performance with regard to her direction of the Chapter I program.

### II. Retaliation Claim

Defendants argue that Plaintiff fails to establish a prima facie case of retaliation. However, Plaintiff asserts in her complaint and affidavit that the adverse employment actions by Defendants which occurred after she filed her complaint with the EEOC were done in response to that complaint. Plaintiff successfully establishes that: (1) she was a member of a protected group, (2) an adverse

employment action took place, (3) she and a similarly situated non-protected person received dissimilar treatment, and (4) sufficient evidence, either circumstantial or direct, exists to infer a nexus or causal connection between race and the adverse employment action. (See paragraphs 11–14 above.) Defendants do not offer a non-retaliatory explanation for the alleged acts.

### III. Good Faith Immunity

■ Defendants Burns and Gibbs assert qualified immunity based on their good faith effort in performance of their official acts within the Hardee School Board. However, in both her complaint and affidavits, Plaintiffs alleges that these Defendants acted outside the scope of their duty in not following established procedure. Unless Defendants acted in good faith and followed established School Board policy, they do not qualify for immunity. This Court concludes that there are genuine issues of material fact as to whether Defendants should qualify for such immunity.

### CONCLUSION

In general, this Court agrees that summary judgment is an inappropriate tool for resolving claims of employment discrimination, which involve nebulous questions of motivation and intent. *Grigsby,* 821 F.2d at 595 (quoting *Thornbrough v. Columbus and Greenville R.R.,* 760 F.2d 633, 640 (5th Cir. 1985)). Plaintiff has successfully established a prima facie case of both discrimination and retaliation by meeting the threshold test of *McDonnell.* Defendants fail to assert either non-discriminatory or non-retaliatory reasons for the disparate treatment of Plaintiff and it is, therefore,

**ORDERED** that Defendants' motion for summary judgment be **DENIED** as to Counts I and II of Plaintiff's complaint.

**DONE and ORDERED.**