Quinlan, J.
The plaintiff, Paul Bossous, brings this action against the defendant, Empire Insurance Company, pursuant to G.L.c. 176D, 93A and 90. The action arises from a claim submitted by the plaintiff to the defendant for injuries sustained in a motor vehicle accident on May 20, 1999. The defendant, characterizing the accident reported by the plaintiff as “suspicious,” denies that it violated the statutes in question and asserts inter alia that the plaintiff has failed to fulfill his duties with respect to the claim as specified in the policy and Massachusetts law. The defendant now seeks summary judgment. The plaintiff opposes the defendant’s motion and in turn has filed a cross motion for summary judgment.
The dispute arises from a collision between the taxi operated by the plaintiff and insured by the defendant and a van which hit the plaintiffs vehicle in the rear. The accident occurred on May 20, 1999 and was reported on May 25, 1999. In the initial accident report, it was stated that there were no injuries. Some three weeks later, the defendant learned that the plaintiff was treating with a chiropractor. At some point, the defendant referred the matter to its Special Investigative Unit for Investigation. The investigator was unable to get a statement from the plaintiff until September 20, 1999. Thereafter, in January of 2000, the defendant requested that the plaintiff submit to examination under oath on February 5, 2000 and on March 1, 2000. The plaintiff failed to appear at either examination. In lieu of submitting to examination, this action was filed.
Discussion
“A party moving for summary judgment. . . has the burden of demonstrating that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Community Nat’l Bank v. Dawes, 369 Mass. 550, 554 (1976). ‘The movant is held to a stringent standard . . . [A]ny doubt as to the existence of a genuine issue of material fact will be resolved against the movant. Because the burden is on the movant, the evidence presented . . . always is construed in favor of the party opposing the motion and he is given the benefit of all favorable inferences that can be drawn from it.’ 10A C.A. Wright, A.R. Miller, & M.K. Kane, Federal Practice and Procedure §2727, at 124-25 (2d ed. 1983). ‘A court should not grant a party’s motion for summary judgment "merely because the facts he offers appear more plausible than those tendered in opposition, or because it appears that the adversary is unlikely to prevail at trial." Hayden v. First Nat’l Bank, 595 F.2d 994, 997 (5th Cir.1979) . . .’Attorney General v. Bailey, 386 Mass. 367, 370, cert. denied, 459 U.S. 970 (1982). Rather, ‘[t]he inference to be drawn from the burden placed on the moving party is that his failure to establish the absence of a genuine issue of material fact must, without more from his opponent, defeat his motion.’ Community Nat’l Bank v. Dawes, supra. See 10A C.A. Wright, A.R. Miller, & M.K. Kane, Federal Practice and Procedure §2739, at 523-24 (2d ed. 1983) . . ." Parent v. Stone & Webster Engineering Corp., 408 Mass. 108, 112 (1990).
According to the defendant, the policy at issue provides:
We may also require you and any person seeking payment under any coverage provided by this policy to submit to an examination under oath at a place designated by us, within a reasonable time after we are notified of the claim.
Although the defendant’s brief references Exhibit A as a copy of the policy, the document designated Exhibit A is a copy of the accident report. The court assumes for the purposes of this decision that the language of the policy is as represented. The accident is reported to have occurred on May 20, 1999. The plaintiff gave a recorded statement on September 20, 1999, a copy of which was provided to plaintiffs counsel. In January of 2001 the defendant, through counsel, sought an examination of the plaintiff under oath.
The plaintiff is obliged to submit to an examination “if the request is reasonable.” Mello v. Hingham Mut. Fire Ins. Co., 421 Mass. 333, 337 (1995). However, the plaintiff asserts that the request was not reasonable due to an asserted unreasonable delay in the defendant’s handling of the claim. Reasonableness is a fact intensive issue. See Bardon Trimount, Inc. v. Guyott, 49 Mass.App.Ct. 764, 772 n.13 (2000), and cases cited, including Kohl v. Silver Lake Motors, Inc., 369 Mass. 795, 799 (1976) (“A determination of reasonableness normally is a question of fact”). See also Bardon Trimount, Inc. v. Guyott, 49 Mass.App.Ct. 764, 771 n.13 (2000). Both the plaintiff and the defendant are seeking to have the court decide this issue. Based upon the record, the court cannot do so since neither parly has demonstrated the absence of a triable issue of material fact.
*176 Order
For the foregoing reasons, the defendant’s Motion for Summary Judgment is DENIED and the plaintiffs cross-motion for summary judgment is also DENIED.