Betty PINKERTON, Plaintiff,

v.

The CITY OF TAMPA, FLORIDA,
Defendant.

No. 96–2121–Civ–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 21, 1997.

Mark Stephen Herdman, Herdman & Sak-
ellarides, P.A., Palm Harbor, FL, for Plain-
tiff.

Thomas M. Gonzalez, Thompson, Sizemore
& Gonzalez, P.A., Tampa, FL, for Defendant.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

KOVACHEVICH, Chief Judge.

This cause is before the Court on Plain-
tiff's Motion for Summary Judgment(Dkt.8),
Defendant's response (Dkt.16), Defendant's
Motion for Summary Judgment (Dkt.11) and
Plaintiff's response (Dkt.15).

### BACKGROUND

Plaintiff was employed by the Tampa Po-
lice Department in July, 1980 (Dkt.9). In
1983, Plaintiff was shot on the left hand while
attempting to apprehend a criminal suspect
(Dkt.9). In October, 1991, Plaintiff reinjured
the same hand when the door of her car
closed on it (Dkt.9). The aggravation caused
by the 1991 injury caused some loss of
strength and mobility in the hand, resulting
in Plaintiff's classification as "light duty,"
upon which Plaintiff remained until her dis-
charge (Dkt.9).

Plaintiff was discharged pursuant to a po-
lice department policy, which allows injured
or ill employees to be placed on light duty
and to be given a medical leave of absence
and a worker's compensation leave of ab-
sence until they reach maximum medical
improvement (Dkt.11). The light duty as-
signment and the leaves of absence are not
indefinite but are given specific time limits
(Dkt.11). When the period of light duty
and leaves of absence are exhausted, "an
employee will be terminated unless the em-
ployee is physically able to and has re-
turned to City of Tampa employment or has
chosen to voluntarily resign or has retired."
(Dkt.11).

On February 12, 1994, Plaintiff was dis-
charged because she had exhausted the peri-

od of light duty and leaves of absence available to her (Dkt.11).

Following Plaintiff's termination, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission alleging a violation of the Americans with Disabilities Act (Dkt.9). The EEOC issued Plaintiff a notice of the right to sue.

## STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

> The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no "genuine issue of material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of the case with respect to which that party has the burden of proof.

*Celotex v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Summary judgment is only entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *See Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party and in favor of the non-moving party. *See Hayden v. First Nat'l Bank of Mt. Pleasant,* 595 F.2d 994 (5th Cir.1979). Factual disputes preclude summary judgment.

The Eleventh Circuit Court of Appeals has held that the moving party bears the initial burden to demonstrate to the district court the basis for its motion for summary judgment and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions which that party believes show an absence of any genuine issue of material fact. *See Hairston v. Gainesville Sun Publishing,* 9 F.3d 913, 918 (11th Cir. 1993). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991).

Once the moving party has established the absence of a genuine issue of material fact, to which the nonmoving party bears the burden at trial, it is up to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. Issues of fact are genuine only if a reasonable jury, considering the evidence presented could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–51, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986).

Material facts are those which will affect the outcome of the trial under governing law. *Id.* at 248, 106 S.Ct. at 2510. In determining whether a material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983).

In determining whether the nonmoving party has met its burden, the question becomes whether the nonmoving party's evidence could support a reasonable jury finding that the nonmoving party established her burden by the appropriate evidentiary standard of proof that would apply at trial. *Anderson,* 477 U.S. at 254–55, 106 S.Ct. at 2513. However, in determining whether to grant summary judgment, the district court must remember that, "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513.

## DISCUSSION

The Americans with Disabilities Act prohibits discrimination "against a qualified individual with a disability because of the disability of such an individual in regard to job application procedure, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The ADA imposes upon employers the duty to provide reasonable accommodations for known disabilities unless doing so would result in an undue hardship to the employer. 42 U.S.C. § 12112(b)(5)(A).

In order for a plaintiff to establish a prima facie case of discrimination in violation of the ADA, the plaintiff must prove the following elements: (1) that she has a "disability," within the meaning of the ADA, (2) that she is qualified with or without reasonable accommodations to perform the essential functions of the job, and (3) she suffered an adverse employment action due to her disability. *Tyndall v. National Educ. Ctrs.*, 31 F.3d 209, 212 (4th Cir.1994).

■ The ADA defines "disability" as: (1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a record of such impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(2). Regulations promulgated by the Equal Employment Opportunity Commission ("EEOC") provide that "substantially limits" means:

> Unable to perform a major life activity that the average person in the general population can perform; or significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population can perform the same major life activity.

29 C.F.R. § 1630.2(j)(1). With regard to the major life activity of "working," the following rule applies:

> The term substantially limits means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the

average person having comparable training, skills, and abilities. The inability to perform a single, particular job does not constitute a substantial limitation on the major life activity of working.

29 C.F.R. § 1630.2(j)(3)(i). Application of this rule means that a person is not "disabled" merely because the person can no longer perform the job held before the onset of the impairment, unless the person is similarly disqualified from a class of jobs or a broad range of jobs in various classes as compared to the average, similarly situated person.

■ Applying these principles, the Court concludes that summary judgment is inappropriate. Material issues of fact remain as to whether the City regarded Plaintiff as disabled, whether Plaintiff can perform the essential functions of her position, and if not, whether a reasonable accommodation by the City of Tampa would enable her to do so.

An employer must regard the employee as having an impairment and must regard the impairment as substantially limiting one or more major life activities. See 42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2(g)(1). If the employer does not regard the impairment as substantially limiting a major life activity, then the employer does not regard the employee as disabled and therefore cannot discriminate based upon any perception of disability.

Defendant asserts that believing that an employee is unable to perform the single job of sworn police officer because the employee may not be able to proficiently operate a firearm or make forceful arrests does not constitute a belief that the employee is disabled. Such a belief is not a perception of "disability" because it is not a perception of a substantial limitation on the *major life activity* of working, which is defined as a significant restriction of the ability to perform either a class of jobs or a broad range of jobs in various classes. See 29 C.F.R. § 1630.2(j)(3)(i); *McCollough v. Atlanta Beverage Co.*, 929 F.Supp. 1489, 1497–98 (N.D.Ga.1996).

### 1. Whether Plaintiff is Regarded as Disabled

Plaintiff asserts the Department regarded her as having an impairment that substantially limited her major life activity of working because the injury to her hand caused her to be placed on light duty status. Plaintiff asserts the Department concluded that light-duty officers could not, by definition, perform the essential functions of a sworn police officer. Plaintiff complains that her hand injury and resulting light-duty status meant that she could not perform the essential functions of her job, resulting in her termination. Thus, Plaintiff is a disabled person within the meaning of the ADA.

After reviewing the depositions of both Chief Holder and Assistant Chief Sawyer, the Court finds that a genuine issue of fact exists as to whether the City regarded Plaintiff as disabled under the definition of the ADA. It is unclear whether the Department perceived Plaintiff as disabled merely because she was on light duty status. This factual issue should be decided by a fact-finder.

### 2. Whether Plaintiff is a qualified Individual

Plaintiff asserts that she was qualified for the position that she held, even without reasonable accommodation. Plaintiff relies on two evaluations that she received for the period from August, 1991, to August, 1993, and the testimony of her direct supervisor, Sergeant Milana, who completed the evaluations. Even though Plaintiff's evaluations were satisfactory, they do not prove that she could perform all the essential functions of a sworn police officer.

Defendants assert that Plaintiff's injury prevented her from performing the functions of her job; yet Chief Holder and Assistant Chief Sawyer did not investigate what functions Plaintiff could or could not perform prior to her termination. Neither spoke to Plaintiff's supervisor to determine what duties Plaintiff was capable of performing after her injury. Because the Department made no individualized inquiry to determine if Plaintiff could perform the essential functions of her job, the question of her abilities to carry out her duties is left unanswered. Plaintiff's ability to perform her essential job functions is a genuine issue of material fact that needs to be determined by a fact-finder.

### 3. Whether Reasonable Accommodations Can be Made

If Plaintiff is unable to perform the essential functions of her position, the Court must determine if a reasonable accommodation by the City of Tampa would enable her to do so. The Department employs approximately sixty-five to seventy sworn police officers in positions that do not require carrying a gun and making arrests ordinarily. The Department argues that these jobs are not a reasonable accommodation because the officers assigned may, at some point, have to use a weapon or make an arrest, although it rarely, if ever, happens.

The ADA states reasonable accommodation may include;

> job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devises, appropriate adjustments or modifications of examinations, training materials or policies, and other similar accommodations for individuals with disabilities.

42 U.S.C. § 12111(9)(B). See also 29 C.F.R. § 1630.2(*o*)(2)(ii).

> Under the ADA, discrimination includes "not making reasonable accommodations to known physical or mental limitations of an otherwise qualified individual with a disability ... unless (the employer) can demonstrate that the accommodation would impose undue hardship on the operations of the business of (the employer)." 42 U.S.C. § 12112(b)(5)(A). Thus, the ADA requires employers to consider reassignment as a method of enabling a disabled worker to do the job without creating undue hardship.

The requirement of accommodation presents a factual issue to be determined at trial. If the Department can accommodate Plaintiff without undue hardship, then the ADA requires the Department to make the accommodations.

Neither Plaintiff nor Defendant has satisfied the burden of showing the absence of genuine issues of material facts relating to

the requisite elements of Plaintiff's ADA claim. Therefore, the Court denies Plaintiff's Motion for Entry of Summary Judgment and Defendant's Motion for Entry of Summary Judgment. Accordingly, it is

**ORDERED** that the Motions for Summary Judgment (Dkt.8, Dkt.11) be **denied**.